(Decided 19th of December, 1894.)

THE UNITED STATES ELECTRIC POWER AND LIGHT COMPANY *vs.* THE STATE OF MARYLAND.

*Tax on Gross receipts of Corporations—Double taxation—Constitutional law—Attorney's fee.*

A tax under section 141 of Article 81 of the Code, requiring the State Tax Commissioner to deduct from the aggregate value of all the shares of the capital stock of banks and other corporations the assessed value of the real estate owned by the company, and to divide the residuum by the number of shares of the stock, and declaring the quotient to be the taxable value

of each share for State taxation, is not a tax upon the stock, or upon the corporation, but upon the owners of the shares of stock, and consequently a tax on the gross receipts of the corporation, being a tax imposed upon the corporation because of the value of its franchises, is not a double tax.

When the same property represents distinct values belonging to different persons, be they natural or artificial, both may be lawfully taxed, and the amounts of their separate contributions would be determined by the values which the same property represented in the hands of each respectively; and such does not constitute double taxation obnoxious to the organic law.

The Act of 1890, ch. 559, providing that a fee shall be allowed the attorney who represents the State when an unsuccessful attempt is made to resist and defeat the collection of a just debt due the State, in addition to the costs usually taxed, is not unconstitutional.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, BOYD and BRISCOE, J.

*Thomas Hughes*, for the appellant.

The provisions of the Act of 1890, ch. 559, have been construed by the Court of Appeals in 44th, 45th and 48th Md. Reps. In the case of *State vs. P. W. & B. R. R. Co.*, 45 *Md.*, 361, this Court decided that a tax on gross receipts of railroad companies in lieu of all other taxes, was a tax on the franchise of the corporation, page 379 of the opinion; and that such a tax, as contra-distinguished from a tax on the *property* of other corporations or persons, did not violate the principle set out in the fifteenth Article of the Declaration of Rights.

This Court has yet to determine the effect of an Act imposing a tax on gross receipts or a franchise tax, where the corporation has already paid a franchise tax, levied

and paid in pursuance of a prior existing Act of the General Assembly.

This Court, in the case of the *State vs. The Balto. & Ohio R. R. Co.*, 48 *Md.*, 49, decided that an exemption of the stock from taxation exempted the franchise of the corporation from taxes, and hence, exempted it from this tax on gross receipts. If the exemption of the stock is an exemption of the franchise, so *a fortiori* the imposition of a tax upon the stock, which stock derives its value, as is the case here, from the possession and exercise of the franchise, is a tax on the franchise, this tax being levied in pursuance of Article 81, sections 141, 142, 143 and 144, of the Code of Public General Laws.

The agreed statement of facts shows that this corporation has already paid taxes on its franchise, and, as the case in 45 Md., *supra*, declares that the gross receipts tax is a tax on the franchise, it follows that the franchise of this appellant is taxed *twice*. The tax is duplicated. It is levied on the franchise in two forms, one "measured by the extent of its business," (45 Md. 379,) and one measured by the value of the franchise in its business; namely, the value it possesses by reason of ownership and operation, a result that necessarily imposes a double or repeated taxation. Such result is contrary to the principle of equitable taxation. Cooley on Taxation, p. 225 and 227.

It is also contrary to the principle of equitable taxation asserted in the fifteenth Article of the Declaration of Rights.

As this corporation cannot, therefore, be properly taxed twice on the same subject-matter, the consequence is that the Act of 1890, ch. 559, must be construed in connection with the above named sections of Article 81, of the Code of Public General Laws; and as this last named Article provides for the taxation of the property of corporations and the taxation of its stock, it follows that *wherever* the taxation of its stock results *in fact* in the taxation of the

franchise of the corporation, as is the case of this appellant, then the Act of 1890 must be construed as not applicable to the case of this appellant. This, unless the Act of 1890 should be construed as relieving by its repealing clause, corporations from the effect of the prior Act, resulting, as in the case of this appellant, in imposing the franchise tax already paid by it; this tax so paid is ascertainable by reference to section 22 of Article 81 of the Code of Public General Laws, in connection with the agreed statements of facts.

The Legislature is without authority to require the payment by the appellant of a fee for prosecuting the recovery of this tax from the appellant, as is done by the Act of 1890, ch. 559, in section 7, and such provision as is contained in section 7 is contrary to the Declaration of Rights, Article 19. There is no reciprocal burden on the appellee upon an adverse result of the litigation.

*J. Alexander Preston,* (with whom was *John Prentiss Poe, Attorney General,* on the brief,) for the appellee.

The question of the right of the State to tax the gross receipts of institutions incorporated and exercising franchises, under its laws, has been decided by this Court in a number of cases. The only questions raised in those cases, as to the validity of such a law, were as to exemptions (with which the case at bar has nothing to do), and as to whether such a tax was not in violation of Article 15, of the Declaration of Rights, which provides, " that every person in the State, or person holding property therein, ought to contribute his proportion of public taxes for the support of the government, according to his actual worth in real or personal property; yet, fines, duties or taxes may properly and justly be imposed, or laid with a political view for the good government and benefit of the community."

That a tax on the gross receipts of a corporation is *not*

an unconstitutional and invalid exercise of the taxing power by the State, or, in other words, is *not* double taxation (where stock and other property is also taxed), has been expressly decided by this Court in cases involving precisely the same question, and the construction it has put upon Article 15 of the Declaration of Rights, plainly shows that there is no provision in that which forbids the State from collecting a tax of this character.

Judge ALVEY, in the case of the *State vs. Cumberland & Pennsylvania R. R. Co.*, 40 *Md.*, 51, uses the following language in reference to the Article referred to: "In construing this declaration of right, however, the terms employed can only apply to a *direct* tax on property, and not that the power of the legislature should be limited as to the objects of taxation. The restriction is only intended to prevent an arbitrary taxation of property according to kind or quality, and without regard to value."

This construction is approved in the case of the *State vs. Northern Central Rwy. Co.*, 44 *Md.*, 169.

There is no evidence in the record to show that the property of the appellant has been arbitrarily taxed, without regard to value, and therefore, the only question that remains to be decided, is whether the tax, for the recovery of which this suit was brought, imposes double taxation on the appellant's property. That such is not the case, this Court has practically settled in previous decisions.

A tax on gross receipts is not a tax upon the property of a corporation, but a tax upon its franchise. In the case of the *State vs. Phil., Wilm. & Balto. R. R. Co.*, 45 *Md.*, 379, the Court said: "Gross receipts, it is true, when received may be considered as the property of such companies, just as a person's income may be considered his property when paid to him. But it will hardly be contended that an income tax is a direct tax upon property within the meaning of the Bill of Rights. Properly speaking, the tax is not imposed upon the gross receipts; they

are referred to not as descriptive of the subject taxed, but merely as the basis of ascertaining the amount of tax to be paid. If then it is not a tax upon property, what is it? We say it is a tax upon the *franchise* of railroad companies, measured by the extent of their business."

" A franchise is a special privilege conferred by the State on certain persons, and which does not belong to them of common right, and although the franchises of a company may be considered in one sense property, and valuable property, yet they are not property in the meaning of that term as used in the Bill of Rights." *Ibid.*, and cases there cited.

The validity of the same law (Act of 1872) as that upheld in 45 Md., 379, was questioned in a former case, *State vs. Northern Central Rwy. Co.*, 44 Md., 169, and was there also held to be valid. It was likewise sustained in the case of *State vs. Balto. & Ohio R. R. Co.*, 48 Md., 49.

From the cases cited, it is clearly seen that a tax upon the franchise of a corporation is not a tax upon its property, and that Article 15 of the Declaration of Rights merely provides that taxes shall be *equal* and *uniform* and *not arbitrary.*

The appellant exercises certain privileges, conferred upon it by the State, and which do not belong to it of common right, and there is no evidence to show that this tax is unjust or unequal, and not borne by other corporations of a like character throughout the State.

The Supreme Court of Alabama, in a carefully written opinion, decided that that State had the right to levy a tax of two per cent. on the gross receipts of a telegraph company, although the constitution of that State provided that no greater tax than three-fourths of one per cent. should be levied on the value of the taxable property within the State. *West. Un. Tel. Co. vs. State Board of Assessment, etc.*, 80 *Ala.*, 273.

As to difference between property and franchise, see Burroughs on Taxation, 166, &c.

Laws similar to this have been held valid by numerous decisions of other State Courts, the only practical difference between them and the Act of 1890, being as to the manner in which the value of franchises was estimated. *Commonwealth vs. Lowell Gas Light Co.*, 12 *Allen*, 75 ; *Monroe County Savings Bank vs. City of Rochester*, 37 *N. Y.*, 365.

A tax on the annual dividends was held to be a tax for the value of the corporate franchise, in *Carbon Iron Co.vs. Carbon County,* 39 *Penn.*, 255; approved in *Lackawanna Iron Co. vs. Luzerne County*, 42 *Penn.*, 424. "The State may impose taxes upon the corporation as an entity under its laws, as well as upon the capital stock of the corporation or its separate corporate property." *Minot vs. P. W. & B. R. R. Co.*, 18 *Wall.*, 206. Even though the same *value* be twice taxed, the law will not be illegal or invalid. *St. Louis Mut. Life Ins. Co. vs. Board of Assessors, etc.*, 56 *Mo.*, 516.

McSHERRY, J., delivered the opinion of the Court.

We find no difficulty in affirming the judgment appealed from in this case.

The appellant is a company incorporated under the laws of Maryland, and transacts its business within this State. It has a capital stock divided into shares, and owns real and personal property. This real property has been duly assessed for taxation, and the valuation placed thereon has been deducted from the assessed value of the capital stock as required by *sec.* 141 *of Art.* 81 *of the Code.* The State taxes upon the company's real estate have been paid, and so also have the State taxes on its shares of stock. In addition to these taxes the State levied under the *Act of* 1890, *ch.* 559, a further tax of one-half of one per cent. on the gross receipts of this and other like companies, and for a failure to pay this latter tax the pending suit was

instituted. The defence relied on is that the gross receipt tax is a double tax upon the same property, and therefore unauthorized and illegal. It is claimed to be a double tax because it is insisted that the value which the capital stock possesses after the assessed value of the real estate has been deducted, is such only as arises out of the ownership and operation of the franchises of the company, and as a tax on gross receipts is a tax on the franchise, a tax on the capital stock, whose value is the ownership and use of the company's franchises, is an additional tax on the same thing. But this argument is obviously fallacious.

The taxable value of shares of capital stock is fixed by the State Tax Commissioner. He is required by the statutes to deduct from the aggregate value of all the shares of the capital stock of banks and other corporations the assessed value of the real estate owned by the company, and to divide the residuum by the number of shares of the stock, and the quotient is declared to be the taxable value of each share for State purposes of taxation. Upon the valuation thus ascertained the State tax is levied. But the tax is not a tax upon the stock or upon the corporation, but upon the owners of the shares of stock, though the officers of the corporation are made the agents of the State for the collection of the State tax. It is not material what assets or other property make up the value of the shares. Those shares are property, and under existing laws are taxable property. They belong to the stockholders respectively and individually, and when for the sake of convenience in collecting the tax thereon, the corporation pays the State tax upon these shares into the State treasury, it pays the tax not upon the company's own property, nor for the company, but upon the property of each stockholder and for each stockholder respectively, by whom the company is entitled to be reimbursed. Hence when the owner of the shares is taxed on account of his ownership and the tax is paid for him by the company, the tax is not levied upon or collected from the corporation at all.

The gross-receipt tax is quite another and a different thing. It is a tax imposed upon the *corporation* because of the value of its franchises as distinguished from its ownership of tangible and visible property. And whilst the value of its franchises may to some extent give value to its capital stock, the gross-receipt tax is not a tax upon the owner of the stock measured by the value of the stock, but upon the corporation as the owner of the franchise or right to exist and to transact business; which franchise or right, though property, is the property of the artificial body as a body corporate. It has been repeatedly held by this Court that a gross-receipt tax may be validly imposed. *State vs. Phil., Wilm. & Balto. R. R. Co.,* 45 *Md.,* 379; *State vs. North. Cent. R. W. Co.,* 44 *Md.,* 169.

As, then, the tax in the one instance is upon the owner of the capital stock, whose liability is fixed by the value placed upon the shares by the State Tax Commissioner, and in the other instance the tax is upon the corporation, the extent of whose liability is measured by the amount of its gross receipts, it is perfectly apparent that the two taxes are not upon the same individual, natural or artificial, in consequence of his or its ownership of the same property, notwithstanding the franchises of the corporation in some measure give value to the shares of stock.

But if this were conceded to be a double tax it would not necessarily on that account be void. The Declaration of Rights requires *equality* in taxation, and in so far as a double tax destroys that equality, it is invalid, but not otherwise. Cooley on Taxation, 161, etc. Taxes are levied upon the individual and not upon property, though the value of the property owned by him is the standard by which the extent of the individual's liability is ascertained and measured. Hence the imposition of a tax twice upon one person for the same purpose because of his ownership of a particular piece of property would be a double tax which, in consequence of its inequality, would not be sus-

tained. But when the same property represents distinct values belonging to different persons, be those persons natural or artificial, both persons may be lawfully taxed, and the amounts of their separate contributions would be fixed by the values which the same property represented in the hands of each respectively. And this would not be double taxation in the sense in which it is obnoxious to the organic law.

The second point involved is as to the costs and fees imposed and prescribed by the *Act of* 1890, *ch. 559.* About this we have no difficulty. The Legislature has the undoubted right to prescribe what costs shall be taxed in a case; and when an unsuccessful attempt is made to resist and defeat the collection of a just debt due to the State, the General Assembly may lawfully visit upon the defendant not only the costs usually taxed, but further costs by way of a fee to the attorney who represents the State. Such legislation is undeniably within the powers of the General Assembly, and is neither oppressive nor unreasonable.

Finding no errors in the judgment appealed from, it will be affirmed, with costs.

*Judgment affirmed, with costs.*

(Decided 13th March, 1894.)