## BALTIMORE CITY COURT.

Filed March 30, 1905.

### THE CONSOLIDATED GAS COMPANY OF BALTIMORE CITY
VS.
### CONWAY W. SAMS ET AL.

*Edgar H. Gans* and *W. Calvin Chesnut* for appellant.

*Edgar Allan Poe* and *Sylvan H. Lauchheimer* for appellees.

STOCKBRIDGE, J.—

This is an appeal upon the part of the Consolidated Gas Company of Baltimore City from the action of the Appeal Tax Court in making an "additional assessment on the mains, pipes and other construction located in, on or over the public highways of Baltimore city so as to include the value of the easements enjoyed by said company in said highways."

The appeal is based on two grounds, first, that it is absolutely illegal; and second, that if legal, no mode has been prescribed by which any true ascertainment of value can be made for such an assessment. With regard to the last of these objections it is sufficient to say, that the same objection might with equal force be urged to the

great mass of subjects upon which it is provided by the statutes that taxes shall be laid. No rules are prescribed for assessing the value of a ship, or personal chattels or even of land, yet its absence has never been regarded as fatal to the assessment of any of these for purposes of taxation.

Great stress has been laid upon the first ground of objection, and it has been urged with unusual ability. Without attempting to review in detail all of the points presented, I shall state only certain conclusions as to the scheme of taxation as it is presented by our various Acts of Assembly.

1. The real, and certain of the personal property of a corporation, created under our laws, is assessed to the corporation directly for purposes of taxation, and

2. Provision is made in the case of certain enumerated classes of corporations for the payment of a tax upon their gross receipts. This is a tax imposed on the corporation "as the owner of the franchise or right to exist and to transact business, which franchise or right, though property, is the right of the artificial body as a body corporate."

U. S. E. L. & P. Co. vs. State, 79 Md., 71.

And these are the only taxes imposed on a corporation as such, or upon its property. In addition to these there are two other taxes levied, which, while not upon the corporation directly, affect it. They are:

(a) A tax placed upon the indebtedness of the corporation, whether evidenced by bonds or certificates of indebtedness, and which tax is laid not upon the corporation, but upon the individual holders of the evidence of the indebtedness.

Code 1904, Art. 81, Secs. 3 and 92.

(b) A tax upon the capital stock, which in like manner is a tax upon the owner of such stock.

Donovan vs. Fireman's Co., 30 Md., 155.

U. S. E. L. & P. Co. vs. State, 79 Md., 71.

Clark Distilling Co. vs. Cumberland, 95 Md., 472.

It makes but little difference whether the right of the appellant to lay its mains and pipes under the streets of this city be regarded as a franchise or an easement. It is property, and valuable property. If regarded as a franchise by reason of its emanating from the State by direct grant from it, is it such a franchise as was intended by the legislature to have been embraced within the provision for a tax on gross receipts?

In Section 164 of Article 81, several different rates of gross receipt tax are provided with regard to corporations engaged in different kinds of business, and gas companies are placed in the same class with guano, phosphate or fertilizer companies organized under the laws of other States.

Such companies enjoy no special privilege in any manner akin or analogous to that now under consideration, and it seems but fair therefore to conclude that this tax upon gross receipts was one designed to be imposed upon "the right to exist and to transact business," as was said in U. S. E. L. & P. Co. vs. State, 79 Md., 71.

Since then, in my view, this special privilege now in question is not one covered by the gross receipt tax; the question presented is, whether it is a species of property to be taxed in the taxation of the stock, or as giving an added value to the real estate, or is to escape taxation entirely.

This easement, privilege or franchise is not one granted to the stockholder. It is bestowed upon the corporation in its corporate capacity. It can be used and exercised by no one of the stockholders, only by the corporation.

Yet the tax on the stock is not a tax on the corporation, but on the individual holder of the stock. To treat this right, therefore, as taxed in the taxation of the stock, is to say that the stockholder may be taxed for that which he does not possess. And to tax one for that which he does not own is more obnoxious than to tax him twice for the same thing.

That an easement, as such, is not at this time taxable under our statutes seem well settled. But when the effect of the existence of such easement or privilege is to give a special and enhanced value to real estate or other property, then such real estate or property which enjoys the added value, not only may, but should be, assessed at its value as thus augmented.

346

Appeal Tax Court vs. W. M. R. R., 50 Md., 301.

For the reasons indicated the prayers offered by the appellant will be refused, and the first, second, sixth and eighth prayers of the defendant will be granted, and its third, fourth, fifth and seventh will be refused, and the additional assessment of the Appeal Tax Court will be affirmed.