EASTERN DIST. *December*, 1840.

BONNEMER *vs.* NEGRETE.

BONNEMER *vs.* NEGRETE.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

To create a novation by the substitution of a new debtor, the latter must oblige himself towards the creditor, in lieu of the original debtor, and it must appear that the creditor expressly discharged the first debtor.

The giving an order on a particular fund, for the amount of a debt, when the original debtor is not discharged, does not operate a novation of the debt.

This is an action on a promissory note given in part payment of the price of a quantity of logwood.

The defendant denied being in any manner indebted to the plaintiff, and prayed that the suit be dismissed.

He also pleaded a peremptory exception, that the note had been extinguished by a transaction or novation, between Tomas Lopez and the defendant ; and that this extinguishment of the debt took place while Lopez was the holder and owner of the note ; and he prays judgment in his behalf.

The only evidence of a novation or extinguishment of the note or debt sued on, consists in an order the defendant gave Lopez, who acted as the plaintiff's agent, on one Muñez, for a sum of money more than sufficient to cover the debt, and which, if paid, was to go in payment of the defendant's note; but this order never was paid, and Lopez never gave up the possession of the note.

There was judgment for the amount of the note, and the defendant appealed.

*Bodin,* for the plaintiff.

*Elwyn,* contra.

*Morphy, J.,* delivered the opinion of the court.

Defendant being sued on his promissory note for one thousand five hundred and eighty-seven dollars and fifty cents, pleaded novation. There was a judgment below against him, from which he appealed.

The evidence of the case shows that the note sued on was given in part payment of a quantity of logwood, sold to defendant by one Tomas Lopez, acting as plaintiff's agent. Being unable to meet his engagement at maturity, the defendant gave Lopez an order on his attorney, Angel de la Cruz Muñez, to pay him a sum of two thousand eight hundred and sixty dollars, out of certain moneys to be received on his account, from one Don Jose Ramon Salazar. This order included the plaintiff's debt and a claim of Lopez himself against defendant, after striking off a thousand dollars from their joint amount; a reduction which Lopez took upon himself to make in favor of the defendant, in consequence of certain recent misfortunes, which the latter stated to have befallen him. On receiving this order, Lopez delivered to defendant a written acknowledgment of his agreement, to receive of Muñez the two thousand eight hundred and sixty dollars, for the balance of accounts, (*por seldo de*

BONNEMER
vs.
NEGRETE.

To create a novation by the substitution of a new debtor, the latter must oblige himself towards the creditor, in lieu of the original debtor, and it must appear that the creditor expressly discharged the first debtor.

The giving an order on a particular fund for the amount of a debt, when the original debtor is not discharged, does not operate a novation of the debt.

cuentas,) but he received nothing from the defendant's agent; Salazar having refused to pay any part of the funds referred to in the order.

In these facts, it is difficult to see any thing but a mere indication of payment on the part of defendant. In order to create a novation by the substitution of a new debtor, the latter must oblige himself towards the creditor in lieu of the original debtor, and it must appear that the creditor declared expressly his intention to discharge the first debtor. Far from doing so, Lopez, when he consented to receive this obligation, retained in his possession the evidence of defendant's indebtedness; nothing in the transaction indicates that the order in question was taken in payment, or that it was intended to extinguish the original debt : *Louisiana Code, arts.* 2185, 2188, 2190. Had Muñez been enabled to pay the order drawn on him, from the funds on which the obligation was made, the authority of Lopez, under general powers to remit or release any portion of the plaintiff's claim, might well have been questioned ; but as the case stands before us, novation is the only ground relied upon by defendant, and that has been considered.

It is, therefore, ordered, that the judgment of the Parish Court be affirmed, with costs.