## LAMB & SON v. HANNEMAN ET AL.

1. **Mechanic's Lien:** AGENT.  The affidavit of plaintiffs' agent, in an action to enforce a mechanic's lien, stated that the amount was " owing him " and that " he claims " the lien:  *Held*, that, by fair construction of language, the affidavit supported plaintiffs' claim for lien.

2. ———:  CONTINUOUS ACCOUNT.  Where all the items in an account relate to one transaction, it constitutes a continuous account, regardless of intervening statements of balance.

3. ———:  WHEN IT TAKES PRECEDENCE OF A MORTGAGE.  A mechanic's lien takes priority of a mortgage executed and recorded within ninety days from the date of the last item.

*Appeal from Tama Circuit Court.*

MONDAY, OCTOBER 26.

ACTION to enforce a mechanic's lien upon a slaughter house, pens and fences, and Hanneman's leasehold interest in the real estate whereon they were situated.   The defendants, Allen Davison and W. H. Stivers, claim an interest in the property by virtue of a chattel mortgage made by Hanneman to Davison, dated November 16, 1871, and a sale thereunder to Stivers as trustee for Davison, made January 10, 1872. Hanneman admitted the claim and lien; the defendants, Davison and Stivers, assert their claim as paramount to the lien. The court found the facts and rendered judgment for plaintiffs, enforcing their lien.   The defendants, Davison and Stivers, appeal.

*Stivers & Safely*, for appellants.

*Applegate & Kinne*, for appellees.

COLE, J.—The statement of the account upon which the claim for a mechanic's lien was based was supported by an affidavit as follows: "C. D. Terry, agent for C. Lamb & Son, being duly sworn, says that on the 2d day of June, 1871, he made a parol contract with Charles Hanneman to furnish the material for a certain building situated upon the lands of one Henry Linton, in Toledo township, of which the said Hanneman then had a leasehold interest; * * * * * that there is due and *owing him* thereon, after allowing all credits, the sum of $97.37, for which *he claims* a mechanic's lien, * * * * * etc."

1. MECHANICS' LIEN: agent.

It is objected that this will not support a mechanic's lien in favor of C. Lamb & Son, but only, if at all, for C. D. Terry. This objection, however, is grounded upon a too narrow construction of the affidavit. The fair meaning of the affidavit is, that C. D. Terry, as the agent for C. Lamb & Son, made the contract with Hanneman, and that there is due to him thereon as agent, and for which he claims as agent a mechanic's lien. In this view it is sufficient. This statement of account and affidavit for the lien were duly filed and entered February 20, 1872.

The account embraced items from March 28, 1871, being for five items in that month, and for twenty-three items in June, to September 6, 1871, being for one item in that month; there were also three items of credit, one, each, July 31, August 31, and September 20; and at this point a balance was stated in the account at $111.01, to which was added "bal. of interest to date, $3.90,"—$114.91. The account, as filed, also contained these subsequent items, following each of which a balance was stated, to-wit: "interest to Nov. 25, $2.10"—$117.01; "deduct hides and tallow at Whitaker's, $25"—$92.01; "Dr., Nov. 28, 200 ft. com. bds., 2 pr. 2–4 10, $5.36"—$97.37. It is now objected that since a balance was stated in September, the time for filing the mechanic's lien, ninety days, should commence to run from that date, and not from November 28, the date of the last item; that the last item did not form a part of a continuous account; that the continuity was broken by the statement of

2. ——: continuous account.

the balance. This view, it seems to us, is also rather technical than substantial; it allows the form or manner of making an account to control the rights of the parties. The better view is to let the fact as to whether the account as a whole—all the items, constitute one and the same transaction, respecting which the contract to furnish material was made. If it is all one transaction or account in fact, it shall be so regarded, although for convenience or taste it may be stated with one or many balances. But under the holding of a majority of this court in *Evans v. Tripp et al.*, 35 Iowa, 371, this question becomes almost or quite immaterial.

The mortgage, under which the appellants' claim, was made and recorded November 16, 1871, within ninety days from September 6, and the lien is good for ninety days 3. ——: when it takes precedence of a mortgage. without being filed, as against everybody, Code, Sec. 2137; and by the case above cited, a majority held that the lien adverse to the mechanic's lien, taken within the ninety days, was subject to the mechanic's lien, regardless of when it was filed. And the purchase under the chattel mortgage foreclosure sale, which was made January 10, 1872, was made by the defendant Stivers, as attorney and trustee for the mortgagee and defendant, Davison—his claim under the purchase, being with full knowledge of all the facts, could rise no higher than his claim under the mortgage.

The account, however, was continuous, and all the items related to the one transaction, and the mechanic's lien was filed within ninety days of the last item, November 28, 1871. The mechanic's lien is, therefore, paramount. Various questions of fact are raised respecting the sufficiency of the evidence to establish the contract, the actual use of each item of the material furnished in the construction of the building, etc., the right to a leasehold, the identity of the property, and the like. But the finding of the court below upon these questions is not only conclusive upon, but is satisfactory to us. The judgment below only gives a mechanic's lien upon the building. No objection is made to the allowance of interest upon the account.

AFFIRMED.