OCTOBER TERM, 1883. 265

Fulton Iron Works v. North Center Creek Mining & Smelting Co.

FULTON IRON WORKS V. NORTH CENTER CREEK MINING & SMELTING COMPANY, *Appellant.*

**Mechanic's Lien.** A mechanic's lien is enforceable for all the items of an account furnished by the original contractor, for supplying the articles needed in the construction of the building and machinery in which they were used, where it is inferable from the evidence they were furnished under one contract.

*Appeal from Jasper Circuit Court.*—Hon. M. G. McGregor, Judge.

AFFIRMED.

*Phelps & Brown* for appellant.

The finding and judgment of the court are unsupported by the law or the evidence. *Baylan v. Victory,* 40 Mo. 244; *Madison, etc., Co. v. Colona,* 36 Mo. 446. The materials not having been furnished under one contract, the lien was lost as to that furnished more than six months before commencement of lien proceedings. Phillips on Mechanics' Lien, § 324; *Watts v. Whittington,* 48 Md. 353; *Trustees, etc., v. Hill,* 44 Md. 454; *Sweet v. James,* 2 R. I. 270; *Lawrence v. Wright,* 33 Mo. 31; *Phillips v. Duncan,* 1 Pitts. (Pa.) 125; *Spencer v. Burnett,* 35 N. Y. 44. The right to enforce a mechanic's lien is founded solely upon the statute, and unless the party claiming to be entitled to its benefits brings himself clearly within its provisions, he cannot enforce the lien. Overton on Liens, § 532; *Hubbard v. Schreyer,* 14 Abb. Prac. R. (N. S.) 284; *Hayward, etc., v. Loomis,* 2 Dis. (Cin.) 544; *Slag v. Thousand, etc.,* 16 N. Y. Sup. Ct., 428; 35 N. Y. 94.

*Harding & Buler* for respondent.

Mechanics' liens are remedial, and are to be construed liberally to advance the just and beneficial objects in view in their enactment. *De Witt v. Smith,* 63 Mo. 263; Smith's Com., § 547. When a lien is filed it relates back to com-

mencement of the building. *Douglass v. Zinc Co.*, 56 Mo. 388. When items come within a fair construction of the contract, or the understanding of the parties or an implied agreement to furnish machinery, the lien will be good. *Gerard B. Allen Co. v. Frumet Iron & S. Co.*, 73 Mo. 688. A running account is good from the date of the last item. *Stine v. Austin*, 9 Mo. 554; *Ring v. Jamison*, 66 Mo. 424. The evidence shows all the materials were furnished under one contract, and the lien is, therefore, good.

NORTON, J.—This suit was brought to enforce a mechanic's lien for materials, fixtures, engines and machinery furnished and sold to the defendant for buildings, structures, engines and machinery for certain buildings and machinery known as reduction and dressing works for reducing, cleaning and dressing zinc and lead ores, situated on certain land in the petition described.

The date of the first item of the account was March 29th, 1878, for crusher jaws, mineral rolls, etc. The account then ran through April, May and up to September 16th, 1878. The next item in the account was April 23rd, 1879, with various items, running through April and May, 1879, the account closing May 23rd, 1879.

The account was filed with the circuit clerk of Jasper county on the 29th day of July, 1879, and suit was begun on the 15th day of October thereafter. The cause was tried before the court without a jury. It appeared in evidence that respondents furnished the articles mentioned in said account at the dates respectively stated in the account, but the appellants insisted on the trial that plaintiff had no lien on the property in controversy for any of the items in its account which accrued on or before the 23rd day of April, 1879, unless at or before such items were furnished, it was agreed and understood between the parties that the plaintiff should subsequently furnish such supplies and materials to the North Center Creek Mining & Smelting Company, and that the account was to be kept open for the

purpose of adding such subsequent purchases. The court below gave judgment for plaintiff and enforced a lien for the full amount of said account on the buildings and machinery described in plaintiff's petition. From this judgment defendants have appealed.

The cause was tried by the court without the intervention of a jury. The only evidence in the case was offered by plaintiff, at the close of which, at defendant's instance, the court gave the following instruction:

The court declares the law to be, that if there were no dealings or transactions between the plaintiff and the North Center Creek Mining & Smelting Company, or any one on its behalf, from the 16th day of September, 1878, until the 23rd day of April, 1879, and there was no contract or understanding that there would be any such dealings or transactions, then the plaintiffs have no lien for any of the items in their account prior to April 23rd, 1879.

It is insisted by counsel for defendant that there was no evidence to sustain the judgment, and that, for that reason, it should be reversed. The question, therefore, presented for our determination is not whether the judgment was against the weight of evidence, but whether there was any evidence at all upon which it could rest. The evidence presented in the bill of exceptions clearly establishes the fact that all the items of the account were furnished defendant, and that all of them went into its reduction and dressing works at Webb City, and that the prices charged were correct; it further shows that the account began in March, 1878, and ran through April, May and September of that year, the last charge during the year being made on the 16th day of September. No further charge appears on the account till the 23rd of April, 1879, when the account shows that through that month and up to May 22nd various articles of a like character with those furnished previous to that time. If this were all the evidence, then, from the lapse of time intervening between the charge made in September, 1878, and the charge made in April, 1879, under

the authorities cited by counsel for defendant, we would be justified in drawing the inference that the articles furnished in 1878 and 1879 were furnished under separate and distinct contracts, and that plaintiff's lien could only be enforced for the articles furnished in 1879. But there was other evidence which we think tended to overthrow this inference, and establish the fact that all the items of the account were furnished under one contract. Gerard B. Allen, who was introduced as a witness, testified as follows:

" I reside in the city of St. Louis. I was the president of the corporation known as the Gerard B. Allen & Co. from the 1st of March, 1878, to October 8th, 1879, when the name of the company was changed to Fulton Iron Works." Witness being shown account marked exhibit "A," says: "I have examined said account and believe it to be correct. The items therein charged are of the value therein stated, and were furnished by plaintiff as an original contractor to the North Center Creek Mining & Smelting Company, to be used in their reduction and dressing works at Webb City, Missouri. Plaintiff has allowed all just credits in said account, and after allowing same, defendant owes plaintiff the sum of $1,549.51, with interest from the date of the last item, June 22nd, 1879, as under our rule with customers of character of defendant such bills are payable on demand, but as a rule, we are in the habit of demanding payment thirty days after the last item of the account."

Mr. Fisher also testified as follows: " I reside in St. Louis, State of Missouri; in the month of March, 1878, and continuously up to the 22nd day of May, 1879, I was superintendent of the Fulton Iron Works, formerly the Gerard B. Allen & Co., St. Louis, Missouri. It was a corporation under the name of Gerard B. Allen & Co. then, and engaged in the business of machinists and iron manufacturing in St. Louis, Missouri. It continued to do business up to 22nd of May, 1879, at same place, under same corporate name. I know the North Center Creek Mining &

Smelting Company. It does business at Webb City, Jasper county, Missouri. Its business was lead and zinc mining, and reducing lead and zinc ores. Gerard B. Allen & Co. had business transactions with that corporation during the time mentioned, from March, 1878, to May 22nd, 1879. It furnished machinery to said North Center Creek Mining & Smelting Company."

In the face of the statement made by Mr. Allen that the items charged were furnished by plaintiff "as an original contractor," and the statement of Fisher that plaintiff had business transactions with defendant from March, 1878, to May 22nd, 1879, it cannot be said that there was no evidence tending to show that all the items of the account were furnished under one contract. While it is not stated in express terms that there was but one contract under which the articles were furnished, we think it fairly, if not necessarily inferable from the statement, that they were furnished by plaintiff as an original contractor, that there was but one contract for supplying defendant with such articles as might be needed in the construction and completion of their works. The statement excludes the idea of their having any other contract than the one whereby plaintiff became an original contractor. The action of the trial court is sustained by the following cases; *G. B. Allen & Co. v. Frumet M. & S. Co.*, 73 Mo. 688; *Coal Co. v. Steamboat Colona*, 36 Mo. 446; *Boylan v. Steamboat Victory*, 40 Mo. 244. In both of the cases last cited periods of six months had elapsed between items of the account, and in the latter case it was observed: "Where it is specially agreed or impliedly understood between the parties that the account is to be kept open and continued as one and the same continuous transaction and course of dealing, the account will be considered as one continuous account and one demand," and there was evidence before the court from which it might reasonably be inferred that such had been the understanding of the parties.

Judgment affirmed. All concur.