HELENA STEAM-HEATING AND SUPPLY COMPANY,
RESPONDENT v. WELLS, ET AL., APPELLANTS.

[Submitted April 10, 1895.  Decided April 15, 1895.]

MECHANIC'S LIEN.—*Delivery of materials under one contract—Foreclosure.*—An action against a property owner and a contractor was brought to enforce a mechanic's lien for material furnished the latter under a certain agreement, in which action the jury returned special findings of fact as follows: 1. The contractor was to notify the plaintiff into which particular contract he was to put the material sold at any particular time; 2. The contractor had the right, under the contract, to furnish the material himself, or buy it elsewhere than from the plaintiff; 5. That each day's order made by the contractor on the plaintiff was due when the material was delivered; 6. That each day's order made by the contractor upon the plaintiff was not a separate and independent contract from the orders made upon every other day; 7. That the plaintiff furnished the material without any specific agreement as to the amount which was to be furnished; 8. That there was an understanding that the material should be furnished by the plaintiff whenever required; and 9. That there was a running account between the contractor and the plaintiff under which the orders were filled.  *Held,* that the delivery of the materials was under one contract, regardless of the fact that they were delivered upon different days, and that the delivery dated from the day of the last item delivered.

SAME—*Same.*—Whether the materials in such cases were delivered under an entire contract or under separate ones, and whether there was a running account between the parties under which the orders were filled, are questions of fact for the jury.

SAME—*Same.*—Where materials are delivered under separate and distinct contracts, the lien of the mechanic should be filed within the time prescribed by the statute after the delivery under each of such contracts. But when the question has been submitted to a jury, and they find that the materials were delivered under one entire contract, and not under separate ones, and the court adopts such finding, and renders judgment in accordance therewith, it must be presumed that such question was properly submitted, that there was sufficient evidence to support such finding, and that the judgment is supported thereby.

LIENS—*Foreclosure—Attorney's fee as costs.*—A statute taxing a reasonable attorney's fee as costs to the defendant against whose property a lien is filed, where judgment is rendered for the plaintiff in foreclosure, is constitutional.  (*Wortman* v. *Kleinschmidt,* 12 Mont. 316, followed.  DE WITT, J.. dissenting.)

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION for foreclosure of mechanic's lien.  Judgment was rendered for the plaintiff below by HUNT, J.  Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action to foreclose a mechanic's lien.  The issues were tried with a jury.  Special findings of fact were submitted and made by the jury, and a general verdict for plaintiff returned.

The findings of fact submitted to and returned by the jury are as follows:

"(1) Was there a general arrangement between O'Brien and the plaintiff by which O'Brien was to notify the plaintiff into which particular contract he was to put the material sold at any particular time? Answer. Yes. William A. Chessman, Foreman.

(2) Did O'Brien have the right, under the contract, to furnish the material himself, or buy it elsewhere than from the plaintiff? Answer. Yes; to buy wherever he pleased. William A. Chessman, Foreman."

(5) Was each day's order made by O'Brien on the plaintiff due when the material ordered was delivered? Answer. Yes. William A. Chessman, Foreman.

(6) Was each day's order made by O'Brien upon the plaintiff a separate and independent contract from the orders made upon every other day? Answer. No. William A. Chessman, Foreman.

(7) Do you find that the plaintiff furnished the material without or with any specific agreement as to the amount to be furnished to O'Brien for the Wells plant? Answer. No specific agreement. William A. Chessman, Foreman.

(8) Do you find that there was an understanding from the commencement that the work should be done or the material furnished by plaintiff whenever required? Answer. Whenever required. William A. Chessman, Foreman.

(9) Do you find that there was a running account between O'Brien and the plaintiff under which the orders were filled, or do you find they were filled under separate, independent contracts governing each other. Answer. Filled under running account. William A. Chessman, Foreman.

(10) Do you find that all the material charged went into the furnace plant? Answer. All but three valves. William A. Chessman, Foreman."

The court adopted the findings of fact by the jury, and rendered judgment in favor of the plaintiff for the amount of

the verdict, and for $100 as attorney's fee, and costs. The defendants appeal from the judgment.

*McConnell, Clayberg & Gunn* and *O. W. McConnell,* for Appellants.

*Walsh & Newman,* for Respondent.

PEMBERTON, C. J.—The evidence upon which the findings were made is not before this court. There is no contention that the evidence did not warrant the findings. The appellants contend that, under the findings of the jury, the court erred in rendering judgment for the plaintiff in the sum of five hundred and eighty-two dollars and seventy-seven cents, and for one hundred dollars attorney's fee, with costs of suit. It is contended by appellants that only one item of the materials for which a lien is claimed, amounting to twenty-four cents, was sold and delivered by plaintiff within 45 days before the filing of the notice of lien, and that all the other materials in suit were sold and delivered under separate orders or contracts, and were all delivered more than 45 days before filing the lien, and that such several orders did not constitute one continuing contract. The appellants contend that the findings of the jury numbered 2, 5, 7 and 8 establish the claim that the materials were furnished under separate orders or contracts. We think finding No. 2, while it is to the effect that O'Brien might furnish the materials himself, or procure them elsewhere than of plaintiff, does not in any wise tend to show that what materials he did procure from plaintiff were not furnished under a continuing contract or understanding. Finding No. 5 is to the effect that each day's orders for material were due on delivery. We think that this merely means that there was no specific agreement for time. This does not preclude the presumption that time or credit was understood to be intended by the parties from the nature of the contract, and the custom of dealing between the parties. Finding No. 7 is to the effect that there was no specific agreement between O'Brien and plaintiff as to

the amount of material to be furnished. This finding in no way removes or tends to remove the presumption that whatever was furnished, regardless of amount, should be considered as delivered under a continuing contract or agreement. Finding No. 8 is to the effect that there was an understanding from the commencement between plaintiff and O'Brien that the work should be done or the material furnished from time to time, as required by the nature and necessities of the job O'Brien was engaged in performing. This finding, instead of supporting the theory of appellants, we think, supports the idea that the understanding between plaintiff and O'Brien was that the materials were to be furnished as needed, in the completion of O'Brien's job, and charged in one account, to be settled for when all the material necessary had been furnished. If this were the understanding, it would make the delivery of the materials one contract, regardless of the fact that they were delivered upon different days. (Jones on Liens, § 1435.)

Appellants contend that findings Nos. 6 and 9 were conclusions of law, and should not have been submitted to the jury. We do not think so. They were questions of fact, and were properly submitted. (See Phil. Mech. Liens, § 326, and authorities cited; Jones on Liens, § 1449, and authorities cited; *Turner* v. *Wentworth*, 119 Mass. 459.) Some of the authorities hold it to be error to refuse to submit the question to the jury whether the materials in such cases were delivered under an entire contract or under separate ones. (Phillip on Mech. Liens, § 326.

We think the proper rule to be, and the one supported by ample authority, that when all the items in the account relate to one transaction, and is between the same parties, it constitutes a continuous account, regardless of different times of delivery, and dates from the day of the last item. (See Phillip on Mech. Liens, §§ 225, 226; *Lamb* v. *Hanneman*, 40 Iowa 41; *Kearney* v. *Wurdeman*, 33 Mo. App. 447; Jones on Liens, § 1435.)

When it is inferable from the evidence that the materials

were furnished under one contract, a mechanic's lien is enforceable for all the items of the account. (*Fulton Iron Works v. North Cedar Creek Mining & Smelting Co.*, 80 Mo. 265.)

We are aware that the authorities hold that, where materials are delivered under separate and distinct contracts, the lien should be filed within the time prescribed by the statute after the delivery under each of such contracts. But when the question has been submitted to a jury, and they find that the materials were delivered under one entire contract, and not under separate ones, and the court adopts such finding, and renders judgment in accordance therewith, we must presume that such question was properly submitted, that there was sufficient evidence to support such finding, and that the judgment is supported thereby.

The appellants contend that judgment should not have been rendered in any event for one hundred dollars as attorney's fee, because he says the law of the state which gives to the court power to enter judgment for attorney's fees, as costs, in cases like the one at bar, is unconstitutional. This question was ably presented to this court in *Wortman* v. *Kleinschmidt*, 12 Mont. 316, upon the same authorities now cited by counsel in their briefs. The majority of the court, in an able and learned opinion by Mr. Chief Justice Blake, held the law in question to be constitutional. The authorities cited are not uniform or harmonious. There is a conflict between able authorities on the question. In addition to *Wortman* v. *Kleinschmidt*, *supra*, see *Gulf, etc., Railroad Co.* v. *Ellis* (Tex. Sup.) 18 S. W. 723.

Without expressing any opinion as to how the court would view the question were it a new one in this jurisdiction, we are of opinion that the question should be regarded as *stare decisis*. The judgment is affirmed.

*Affirmed.*

DE WITT, J. (*concurring except as to the matter of attorney's fees.*)—I concur in the judgment pronounced in this case in all respects, except as to the allowance of attorney's fees.

I regret that I am not able to discover any reason why I should depart from the views which I expressed upon that subject in *Wortman* v. *Kleinschmidt*, 12 Mont. 316.

HUNT, J.—Having presided at the trial of this case as judge of the district court, I take no part in the foregoing decision, except to concur in the conclusion of the Chief Justice, affirming the case of *Wortman* v. *Kleinschmidt*, 12 Mont. 330, sustaining the constitutionality of the statute taxing a reasonable attorney's fee as costs to the defendant against whose property a lien is filed, where judgment is rendered for the plaintiff in foreclosure.