ALDRITT ET AL., APPELLANTS, *v.* PANTON, ET AL., RE-
SPONDENTS.

[Submitted November 11, 1895.  Decided November 25, 1895.]

APPEAL—*Reversal —Novation.*—In an action on an account for lumber furnished a con-
tractor, in which the contractor, while admitting a portion of the indebtedness,
pleaded that it had been assumed by the owner, a judgment for the contractor,
which does not appear to have been based upon a novation which released him, will
be reversed, since plaintiff was, by the admission of the answer, entitled to a judg-
ment in some amount. (*Goodrich Lumber Co.* v. *Davie*, 13 Mont. 77, cited.)

*Appeal from Ninth Judicial District, Gallatin County.*

ACTION on an account.   Judgment was rendered for the de-
fendants below by ARMSTRONG, J.   Reversed in part.

*Staats & Holloway*, for Appellants.

*Sutton & Thresher* and *Luce & Luce*, for Respondents.

DE WITT, J.—This action was brought by the plaintiffs to
obtain a judgment against defendant Noe for lumber furnished
to him, as a contractor, for use in a house which he was erect-
ing for defendants Maud and Samuel Panton, and for fore-
closure of a lien upon said house.   The defendants the build-
ing association and Noe filed separate answers.   The case, as
against them, was tried to the court without a jury.   The
court found in favor of the defendants.

The important question of fact in the case was as to the time
of filing the notice of lien.   Whether it were in time depended
upon whether or not the last item was furnished upon June 5,
1893.   If the item of June 5th were a *bona fide* one, then the
lien accrued.   There was considerable testimony upon this
question, and in reading the whole thereof we are entirely
satisfied that the evidence was sufficient to justify the district
court in believing that the furnishing of this small item of
lumber on June 5th, which item was simply about 80 cents
worth of boards, was simply a subterfuge for securing a lien.

But for this item the time to file notice of lien had expired. The house was practically completed. There is some little conflict in the testimony whether it were wholly completed. There seems to be sufficient in the testimony to sustain the conclusion that this small item of lumber was not genuinely or in good faith furnished for the building. The district court having passed upon that question by its decision, we will not review it. The judgment must be affirmed in so far as it denies the lien.

But the action was also against the defendant Noe on an account for the lumber. (*Goodrich Lumber Co.* v. *Davie,* 13 Mont. 77.) Defendant Noe, in his answer, admitted a portion of the indebtedness, but pleaded that the same was assumed by defendant Panton. Upon this question of the assumption by Panton of the indebtedness there is also some conflict in the testimony. But the court does not seem to have based its judgment in favor of Noe upon the ground that there had been a novation, and Noe had been thereby released. If Noe had not been released, he was subject to a personal judgment for an indebtedness, in some amount. We cannot order judgment upon this branch of the case, but are obliged to remit the case for new trial.

The judgment in favor of the Pioneer Building & Loan Association will be affirmed. The judgment in favor of R. D. Noe must be reversed, and a new trial ordered. (*Goodrich Lumber Co.* v. *Davie,* 13 Mont. 77; *Duignan* v. *Montana Club,* 16 Mont. 189.)

PEMBERTON, C. J., and HUNT, J., concur.