WESTERN WHITE BRONZE COMPANY v. JOSEPH PORTREY ET AL.

FILED MARCH 3, 1897. No. 7093.

1. **Principal and Agent: SET-OFF.** A collecting agent cannot extinguish a debt due his principal, by setting off against it his own debt, unless authorized to do so by his principal. (*McCormick v. Keith*, 8 Neb., 142.)

2. **Novation.** There can be no novation of a debt in the absence of an unqualified discharge of the original debtor by the creditor.

55

ERROR from the district court of Richardson county. Tried below before BUSH, J.    *Reversed.*

*Reavis & Reavis* and *E. W. Thomas,* for plaintiff in error.

*Edwin Falloon* and *C. Gillespie,* contra.

NORVAL, J.

Plaintiff is engaged in the manufacture and sale of bronze monuments at Des Moines, Iowa.   In June, 1890, plaintiff, through one Anson Rising, its soliciting agent, obtained a written order from the defendants for a monument, and afterwards, in pursuance thereof, the monument was manufactured and shipped to and received by defendants.   This is a suit to recover the contract price, the defenses being payment and novation.   Plaintiff was unsuccessful in the court below, and it has brought the record here for review.

The facts relied upon to establish the defense of payment are these: At the time the order for the monument was given, the said Rising, plaintiff's agent, was indebted to the defendant Portrey for rent in a sum exceeding the contract price of the monument.   Subsequently, Rising, without the knowledge and consent of plaintiff, settled the account for the monument by setting off against it his debt to Portrey for rent and receipting him in full for the sum due the plaintiff.   This did not amount in law to an extinguishment of the debt in controversy.   The order for the monument contained this clause: "Agents are not authorized to make collections, or extend term of payments, without written orders from the company."   No written authority was given Rising to settle with the defendants, or to collect the claim.   Moreover, plaintiff, on the day the monument was shipped from Des Moines, notified the defendants in writing, through the mails, to "bear in mind that payment for this work must be made direct to the company, as no agent is authorized to make

collections for us, and no payment made to an agent will be recognized by the company, unless such agent can produce our special written authority." It is true there is some evidence in the record tending to prove that Rising had frequently made collections for plaintiff on orders taken by him for monuments; but this did not authorize Rising to extinguish the amount due from the defendants to plaintiff, by setting off against it his own debt to Portrey. (*McCormick v. Keith*, 8 Neb., 142.)

The defendants were no more successful in their attempt to establish a novation of the debt. Mr. Rising testified that he went to Des Moines subsequent to the delivery of the monument, and while there he saw one Johnson, plaintiff's secretary and manager, and "requested him to charge that monument to me, and he agreed to do so, and stop writing to Mr. Portrey." Mr. Johnson, by deposition, gives the following version of the same conversation: "Mr. Rising called and stated that Mr. Portrey wanted to settle with him, and requested that I give him a written order directing the defendants to pay Rising for the monument. This I declined to do, stating to him positively that the company did its own collecting and preferred to continue, our method being to collect through banks and attorneys exclusively, and paying agents by check as fast as the commissions were due them. Rising said then that he didn't want us to press Mr. Portrey for collection for he was an influential man in the community in which he lived and he wanted to use him to assist him in getting three other orders, and he said when he returned home he would remit us the money himself or make some arrangements to get it and pay us the amount due on the Portrey monument, and then asked us if we would send him a written order directing Mr. Portrey to pay the money to him, and I replied that it made no difference to us who paid us the money, and on receipt of the money we would be perfectly willing, and would send him such an order, but we would not do it before we got our money. Mr. Rising never sent us the

money, and hence we never sent the order." It will be observed that there is a conflict in the evidence as to whether plaintiff ever agreed to charge Mr. Rising the price of the monument. But conceding that Rising's testimony is true, nevertheless it is insufficient to establish a novation. He does not pretend to say that Mr. Johnson, for and on behalf of his company, agreed to release or discharge the defendants from their obligation to pay for the monument, or to the substitution of Rising in the place of the original debtors. There can be no novation in the absence of an unqualified discharge of the original debtor by the creditor. (*Pimental v. Marques*, 109 Cal., 406; *Aldritt v. Panton*, 17 Mont., 187.)

The evidence fails to sustain the verdict. The judgment is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.