INDIANA BRIDGE COMPANY, APPELLANT, V. HERBERT HOLLENBECK ET AL., APPELLEES.

FILED DECEMBER 3, 1915. No. 18422.

1. **Novation.** "There can be no novation of a debt in the absence of an unqualified discharge of the original debtor by the creditor." *Western White Bronze Co.* v. *Portrey*, 50 Neb. 801.

2. ———: DISCHARGE: ASSIGNMENT. An order assigning to a creditor money to become due from the state to a public building contractor, which was accepted by the state, is not a bar to an action against the contractor for a balance due on the order, where it was not agreed that such assignment should discharge the debtor's obligation.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Reversed.*

*Hall & Bishop,* for appellant.

*George W. Berge* and *Brogan & Raymond, contra.*

ROSE, J.

This is an action by the Indiana Bridge Company against the partnership of Hollenbeck & Thompson, contractors, and their surety, the United Surety Company, for the balance due for materials furnished in erecting the stock pavilion at the state fair grounds in Lincoln. In the trial court judgment was entered in favor of plaintiff and against the surety, but discharging the principals, Hollenbeck & Thompson. Plaintiff has appealed, and the surety company has filed a cross-appeal.

The petition alleges that the balance due plaintiff was $869.26. E. H. Thompson, one of the contractors, for his separate answer, alleged that when the work was about completed, and when the state was owing them $8,575, and when the contractors were owing plaintiff $8,400, the latter and the contractors entered into the following agreement:

"This agreement, signed by E. H. Thompson, of University Place, Nebraska, for the firm of Hollenbeck & Thompson, contractors for the structural steel work for the live stock pavilion in the state fair grounds, and C. M. Kimbrough, of Muncie, Indiana, for the Indiana Bridge Company, of Muncie, Indiana, is to this effect:

"That the said Indiana Bridge Company did furnish, according to the plans and specifications, the structural steel for the live stock pavilion located on the grounds of

the State Agricultural Society at Lincoln, Nebraska, and that the said Hollenbeck & Thompson are indebted to the said Indiana Bridge Company in the total sum of eight thousand and four hundred dollars ($8,400) ; all matters of difference having been fully discussed and the above amount agreed upon by and between the said E. H. Thompson and the said C. M. Kimbrough in the presence of A. H. Thompson, of University Place, Nebraska.

"And it is hereby further agreed, by and between the above-named persons, that when the state board of public lands and buildings shall make allowance on the claims of the said Hollenbeck & Thompson, the same shall be payable to the Indiana Bridge Company, to the amount of eight thousand and four hundred dollars ($8,400).

"And it is further agreed that the secretary of state, as clerk of said board of public lands and buildings, shall be custodian for these funds, and he is hereby directed to forward said allowance in auditor's warrants or treasurer's checks to the said Indiana Bridge Company, at Muncie, Indiana, until the full amount of eight thousand and four hundred dollars ($8,400) has been paid.

"And it is further agreed and understood that the said E. H. Thompson, acting for Hollenbeck & Thompson and for himself and for A. H. Thompson, shall not present any other or additional claim, nor allow any one else to do so, for any money or other allowance, to the architect or superintendent, or to the state board of public grounds and buildings, for allowance from the sum of eight thousand five hundred and seventy-five dollars ($8,575) now due to the said Hollenbeck & Thompson, until the full amount of eight thousand and four hundred dollars ($8,-400) has been allowed and fully paid to the said Indiana Bridge Company.

"And the said E. H. Thompson, acting for and in behalf of the firm of Hollenbeck & Thompson, further agrees that he will prosecute with diligence the unfinished part of the work of the stock pavilion, so that so far as that

part of the building for which the said Hollenbeck & Thompson are contractors is concerned the same shall be completed on or before June 1st next."

In Thompson's answer it was also alleged: "That, by the terms of said contract, said Hollenbeck & Thompson assigned to the plaintiff the sum of $8,400 of the moneys then belonging to said Hollenbeck & Thompson and in the possession of the state of Nebraska; that a copy of said contract was given to the state of Nebraska, and accepted by it, and that, by the terms and conditions of said contract, the title to $8,400 of the funds of said Hollenbeck & Thompson in the hands of the state of Nebraska, was thereby assigned to the plaintiff, and was a full settlement between the plaintiff and said Hollenbeck & Thompson, and a full payment of all sums and claims due from said Hollenbeck & Thompson to the plaintiff, and this defendant says that the firm of Hollenbeck & Thompson and this defendant have fully paid the plaintiff all that is due it under said contract of settlement."

The reply admitted the execution of the contract pleaded by Thompson, but challenged his construction thereof, and denied that the assignment of the $8,400 due from the state was intended as a full settlement of plaintiff's claim, and also denied that it constituted payment. It was further alleged in the reply that the contractors failed to complete the building, that the state was compelled to and did complete the same, and that "there was not left sufficient funds with which to pay all of the $8,400, but the state did pay to the plaintiff, and the same was credited upon the $8,400, all that was left as a balance due Hollenbeck & Thompson under their contract with the state, after the state had completed the said building."

Both plaintiff and defendant Thompson moved for judgment on the pleadings.

Defendants Hollenbeck & Thompson contend that the contract set out in the answer constitutes an equitable assignment or novation. The rule is: "There can be no novation of a debt in the absence of an unqualified dis-

charge of the original debtor by the creditor." *Western White Bronze Co. v. Portrey*, 50 Neb. 801.

In *Bonnemer v. Negrete*, 35 Am. Dec. 217 (16 La. 474) it was held: "Acceptance by a creditor of an order on a particular fund, for the amount of his debt, is not sufficient to constitute a novation, unless the original debtor was, by express agreement, discharged."

In the present case plaintiff sued for the balance due on the claim for $8,400 after crediting the contractors with all money due them from the state. The answer does not show that there was an agrement expressly releasing the contractors from liability, or that the parties intended the new agreement in itself to be a discharge of the original obligation. Under the circumstances the allegations in the answer that the agreement constituted a full settlement and full payment and that defendants had fully paid plaintiff all that was due under their contract were conclusions of law.

It follows that the answer fails to state a defense to the petition, and that the judgment releasing the contractors was erroneous. The judgment against the surety was also erroneous, since the record does not justify its affirmance on the ground that it was entered by confession. Both judgments are therefore reversed and the cause remanded for further proceedings.

REVERSED.

FAWCETT, J., not sitting.