### No. 9074.

### INTERNATIONAL TRUST COMPANY *v.* CLARK HARDWARE COMPANY.

MECHANIC'S LIEN—*Mines—Mining Supplies—Relation of Lien.* Where it is fairly inferable from the evidence that supplies furnished for the operation of a mine, at different times during a series of months, were furnished under a single contract, a finding to that effect will not be disturbed. The transaction will be regarded as a single one, and the lien allowed therefor will relate to the date of the first item furnished. (Rev. Stat., secs. 4028, 4030.)

*Error to Gilpin District Court, Hon. H. S. Class, Judge.*

*Department One.*

Messrs. HUGHES & DORSEY, Mr. E. I. THAYER, Mr. WM. M. BOND, JR., for plaintiff in error.

Mr. W. C. MATTHEWS, Mr. W. C. FULLERTON, for defendant in error.

Opinion by Mr. Justice Teller.

THIS cause is before us on error to a judgment of the District Court of Gilpin County wherein the defendant in error was adjudged entitled to a lien under the mechanics lien act of 1899, on certain mining property, which had been conveyed to the plaintiff in error, as trustee, to secure a bond issue.

The defendant in error, according to the undisputed evidence, furnished to the Topeka Consolidated Mining Company, which owned said mining property, and executed a deed of trust thereon to secure said bonds, various mining supplies for the working of its mine, upon what the court found to be "an open and continuous account," upon which there was a balance due to said Hardware Company. The court further found that the first of said supplies was furnished to said Mining Company on the first day of December, 1909, upon said account. The deed of trust to the plaintiff in error was executed July 1, 1911. The court accordingly held that the lien of defendant in error related back to December 1, 1909, and was therefore superior to the lien of the deed of trust.

The question of priority of liens is thus presented for our consideration.

Plaintiff in error contends, first, that the supplies were furnished under several contracts and, hence, the lien does not relate back to the date when the first materials were delivered.

It is to be observed that the lien is claimed under section 4 of said act, which provides in terms for a lien for materials furnished for mining, or prospecting for metals.

The rule is that when it is fairly inferable that the articles were furnished under one contract, a finding that they were so furnished will not be disturbed. *Fulton Iron Works v. N. C. Mining & Smelting Co.*, 80 Mo. 265. And when all the items in an account relate to one transaction, it constitutes a continuous transaction. *Lamb & Son v. Hanneman*, 40 Ia. 41; Jones on Liens, § 1435; and *State Bank v. Plummer*, 54 Colo. 144, 129 Pac. 819. The case of *Fields v. Daisy Gold Mining Co.*, 25 Utah 76, 69 Pac. 528, involves facts almost identical with those in the case at bar. The contracts were held to be continuing, and the lien was allowed.

The evidence shows that the manager of said Mining Company made an agreement with the Hardware Com-

pany for such mining supplies as should be needed in the operations of said company, payments therefor to be made monthly, and the court was fully justified, under the authorities, in finding that there was then an arrangement for a running account.

It was an issue for the court to determine, and we would not be, in any event, at liberty to review its action in that behalf, there being evidence to support the finding. *Turner v. Wentworth,* 119 Mass. 459; *Helena S. H. & S. Co. v. Wells,* 16 Mont. 65, 40 Pac. 78; and Philips on Liens, § 326.

It is further urged that the doctrine of relation under our statute applies only to contracts for labor, because the statute, section 6, provides for a relation "back to the time of the commencement of the work," the furnishing of materials not being mentioned. The provision is, however, that "all liens established by virtue of this act shall relate back," etc., and this broad and inclusive language must prevail as against a supposed limitation from the use of the word "work."

Moreover, the statute refers to the commencement of *the* work, that is, the beginning of operations under the contract, and not to the labor of some mechanic or laborer.

This construction is followed in *State Bank v. Plummer, supra,* and a lien for work and material dated from the commencement of construction was sustained.

It does not appear that the interpretation urged by counsel has ever been given to the statute, and we think it is not warranted by the language used.

We find no error in the record and the judgment is accordingly affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.