BARTHOLOMEW, Respondent, *v.* JAMES et al., Defend-
ants; KUINDERS, Appellant.

(No. 5,923.)

(Submitted May 15, 1926. Decided May 29, 1926.)

[246 Pac. 771.]

*Mechanics' Liens—Filing—When Timely—Extent of Lien—*
*Fixtures—Lapse of Time Between Items Furnished—Effect*
*—Equity—Findings—When Conclusive.*

Equity—Findings—When Conclusive.
  1.  Where the evidence in an equity case is in sharp conflict and
  there is substantial testimony to uphold the court findings, they
  will not be disturbed on appeal.

Mechanics' Liens—Lapse of Time Between Items of Account not Con-
  clusive of Question Whether Work Done Under One Continuous
  Contract.
  2.  In an action for the foreclosure of a mechanic's lien, mere
  lapse of time between the date work ceased on the construction
  of a building in November and the date of the last item furnished
  in March of the following year is not conclusive of the question
  whether  the  work  and  materials  furnished  were  furnished
  under one contract—under a continuous open account—that ques-
  tion being one of fact, the rendition of accounts at various times
  in the interim not affecting the situation.

Same—When Filing Timely.
  3.  Where an item of a builder's account furnished some four
  months after construction work ceased was contemplated in the
  original plan of the building and was a *bona fide* one, a me-
  chanic's lien filed within ninety days thereafter was timely.

Same—Lien Extends to Fixtures.
  4.  A heating plant and connecting pipes installed in a green-
  house constructed by a mechanic's lien claimant were fixtures and
  subject to removal as a part of the structure caused to be erected
  by a lessee of the land, the lien under section 8343, Revised Codes
  of 1921, extending in such a case to the entire building and im-
  provements added by the lessee to the lessor's land.

Same—Extent of Lien.
  5.  Where after the erection of a building for which plaintiff
  furnished labor and materials included in a continuous account
  made the basis of a mechanic's lien, defendant caused repairs to

  1.  See 2 R. C. L. 204.
  3.  Effect of addition of new items to extend time for filing me-
chanics' lien, see note in 35 L. R. A. (n. s.) 901. See, also, 18 R. C. L.
933.
  5.  See 18 R. C. L. 951.

be made on a structure some twenty feet distant by another artisan for which plaintiff furnished material under a separate account, plaintiff's lien attached to the first building only.

[1]    Appeal and Error, 4 **C. J.,** sec. 2853, p. 878, n. 82; sec. 2855, p. 883, n. 33.
[2]    Mechanics' Liens, 40 **C. J.,** sec. 236, p. 198, n. 30; p. 199, n. 31, 32; p. 200, n. 33; sec. 709, p. 483, n. 13.
[3]    Mechanics' Liens, 40 **C. J.,** sec. 228, p. 194, n. 52; sec. 229, p. 195, n. 68 New.
[4]    Mechanics' Liens, 40 **C. J.,** sec. 344, p. 277, n. 14.
[5]    Mechanics' Liens, 40 **C. J.,** sec. 343, p. 277, n. 3 New; sec. 348, p. 279, n. 52.

*Appeal from District Court, Gallatin County; B. B. Law, Judge.*

ACTION by E. L. Bartholomew against George James and others. From a judgment for plaintiff, defendant Y. J. Kuinders appeals. Modified and affirmed.

*Mr. Walter Aitken,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. H. A. Bolinger,* for Respondent, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

During the years 1921 and 1922 George C. James was in the possession of a tract of land near Bozeman under a contract to purchase the same from Y. J. Kuinders. In September, 1921, James employed the plaintiff to build a greenhouse upon the land. There was no definite contract; the plaintiff made an estimate of the cost, and it was arranged that the building should be constructed by day labor. In addition to the labor, plaintiff was to, and did, furnish material for the building which was incorporated therein. On June 9, 1922, plaintiff filed a lien to secure the sum of $317.90 for labor and materials furnished in the construction of "that certain building consisting of a greenhouse, with ground dimensions about 30 feet by 62 feet, set on a concrete foundation with an addition built thereon now upon that certain lot, piece or parcel of land"

(describing it). In November, 1923, Kuinders commenced an action against James to declare a forfeiture of the contract under which James held possession of the land, and a decree in Kuinder's favor was entered in January, 1924.

The amount claimed by plaintiff in his lien being unpaid, on January 4, 1924, he began an action to obtain judgment against James for the foreclosure of the lien. Kuinders and two others were made defendants. The plaintiff prayed that the amount claimed by him, with all costs including attorney's fees, be adjudged a lien upon the buildings and that the buildings be sold under the order and decree of the court, in accordance with the statutes, and in conformity with the procedure of the court. The defendant Kuinders alone answered. After trial the court entered judgment and decree in favor of the plaintiff for the amount claimed, an attorney's fee, and costs, with direction that the buildings be sold under execution to satisfy the same. From this judgment the defendant Kuinders has appealed.

1. The important question of fact in the case is whether the lien was filed in time. Plaintiff alleged in his complaint that between the fifteenth day of September, 1921, and the fourteenth day of March, 1922, both dates inclusive, he furnished the labor and materials for, and which actually were used in, the construction of "those certain buildings consisting of greenhouses and hothouses, one of which has ground dimensions of about 30 feet by 62 feet, set on a concrete foundation, and the other of which has ground dimensions of about 16 feet by 25 feet, and is located about 24 feet west of the building first above described, and which last mentioned building is described as an addition to said first mentioned building in the lien of the plaintiff heretofore filed."

The principal building, which we shall refer to as the greenhouse, was substantially completed about the middle of November of that year and James occupied it at that time. The total cost of plaintiff's labor and materials at that time was $446.40, and James had paid on the account sums amounting to $108. On December 27, 1921, he paid $25 more, which left a balance

due plaintiff on December 31, 1921, of $313.40, according to a statement plaintiff rendered James on that day. A small amount of work was done by plaintiff upon the greenhouse on January 15, 1922.

At the trial it was admitted that with the exception of the March 14th items the work and labor done and materials furnished by the plaintiff had been under a continuous open account and this was stipulated to include the item of January 15, 1922. Kuinders, referred to hereafter as the defendant, denied that plaintiff had done any work or furnished any material in the month of March. Plaintiff testified that upon March 14, 1922, he and one of his employees performed labor on the greenhouse amounting to $3.75, and placed therein a sash of the value of $3. At the same time, plaintiff said, he furnished material which went into the other building, "the addition," of the value of $5.20. March 16, 1922, James paid plaintiff $9.25 on account. Plaintiff testified further that the original plan of the greenhouse contemplated four ventilator sashes. Three of these were put in during the main construction. The space for the fourth was boarded over prior to ceasing work in November; to that extent the building was unfinished; plaintiff knew he still had to complete that part of the work; the fourth sash when placed in the building became a part of it and enhanced the structure to that extent.

The evidence is in sharp conflict upon this feature of the case. [1] Counsel for defendants insists that it preponderates decidedly against the plaintiff and urges us to order judgment for his client. But the trial court had the superior advantage of hearing the testimony and observing the witnesses as they testified. There is substantial testimony to uphold the court's finding in plaintiff's favor, and, following the time-honored rule, we shall not disturb it.

But it is insisted that the facts proven demonstrate that the [2] items of March 14th do not constitute a part of a continuous open account between plaintiff and James. This argument is based chiefly upon the lapse of time between the date work ceased in November, 1921, and March 14, 1922. Mere

lapse of time, while a circumstance of importance, is not con-
clusive upon the question. Whether the work and materials,
commencing with the first item and ending with that of March
14, 1922, were furnished under one contract—under a continu-
ous open account—was one of fact. (*Western Iron Works* v.
*Montana P. & P. Co.*, 30 Mont. 550, 77 Pac. 413; *Morrow* v.
*Dahl*, 66 Mont. 251, 213 Pac. 602.) In *Helena Steam-Heating
& Supply Co.* v. *Wells*, 16 Mont. 65, 40 Pac. 78, this court held
the rule to be that when all the items of an account relate to
one transaction, between the same parties, the account is to
be deemed continuous regardless of different times of delivery,
and the account dates from the day of the last item. The fact
that plaintiff at various times rendered James statements of
account does not of itself change the situation.

If the testimony of the plaintiff is true, and the court so
[3] found it, the item of March 14th, consisting of the ven-
tilator sash and labor amounting to $6.75, was a *bona fide* one.
It was therefore sufficient to sustain the lien. The item was
contemplated in the original plan of the greenhouse. It was
not a subterfuge for securing a lien. (*Aldritt* v. *Panton,* 17
Mont. 187, 42 Pac. 767.)

2. There was installed in the greenhouse by some one other
[4] than the plaintiff a heating plant with many connecting
pipes. This the court held to constitute a part of the building,
essential for the purpose for which it was erected, and ad-
judged that the lien of the plaintiff extends to and covers the
whole of said building, including its entire heating plant and
water system. Counsel for defendant contends this adjudica-
tion of the court is erroneous, and asks the question: "Is the
heating plant a fixture within the meaning of the law, and sub-
ject to removal under the lien as a part of the building?" The
question must be answered in the affirmative.

The testimony showed that the heating plant and steam-pipes
are a part of the building. The pipes lead from the furnace
through the main part of the greenhouse, many running over-
head, and also along grooves on each side of the passageway.

Counsel for plaintiff and defendant have treated James' in-
terest in the land as equivalent to a leasehold and concede the

applicability of section 8343, Revised Codes of 1921, to the instant case. That section reads: "When the interest in the land, building, structure, or other improvement is a leasehold interest, the forfeiture of such lease does not forfeit or impair such liens so far as concerns the buildings, structures, and improvements put thereon by the persons charged with such lien, but the same may be sold to satisfy said lien, and may be removed within twenty days after the sale thereof by the purchaser." Such being the case plaintiff is entitled to a lien comprehending the entire structure or improvement erected upon the land by James, into the construction of which plaintiff's labor and material entered; in other words, plaintiff's lien extends to the entire structure or improvement added to Kuinder's land by James. (*Montana L. & M. Co.* v. *Obelisk Min. & Con. Co.,* 15 Mont. 20, 37 Pac. 897; Phillips on Mechanics' Liens, 3d ed., secs. 13, 175; Jones on Liens, 3d ed., sec. 1384.)

3. The court had in mind the correct rule in adjudging that [5] plaintiff's lien applied only to improvements and not to Kuinder's land (*Stritzel-Spaberg L. Co.* v. *Edwards,* 50 Mont. 49, 144 Pac. 772; *Louis* v. *Theatorium Co.,* 69 Mont. 50, 222 Pac. 1062), but it erred in ordering both buildings sold for the entire amount of the lien. When James and plaintiff, in September, 1921, entered into the arrangement which resulted in the erection of the greenhouse, otherwise called the main building, nothing was said respecting an addition, and there is nothing to indicate that the addition was then in contemplation. This, we are convinced, was an afterthought. The addition was not built until after March 14, 1922. On that day plaintiff furnished material of the value of $5.20, which was used therein by others. Plaintiff did not furnish any labor for the addition. The work was done by others. There was an old structure near the bank of Sour Dough Creek and it was to this building the addition was attached. The addition is twenty-four feet west of the greenhouse or main building, and is not connected with it.

Where buildings, though separate, are located on the same lot or tract of land, and belong to the same owner, and the work is done or material furnished under an entire contract,

[76 Mont. 359.]

the person furnishing the work or material is as a general rule entitled to a single lien on all the buildings and the lot or tract of land (within statutory restrictions). (Baisot on Mechanics' Liens, sec. 172; *Brabazon* v. *Allen,* 41 Conn. 364), but the record does not present that situation. The material furnished for the addition must be held to have been furnished under a separate account. It should not have been included in the lien, and it must be held that the lien attached to the greenhouse or main building only.

The judgment against James is correct, but the court erred in ordering both buildings sold to satisfy the lien—whereas only the greenhouse or main building is subject thereto—and the amount of the lien must be reduced by deducting therefrom the sum of $5.20. The district court is directed to modify its judgment and decree accordingly. Each party shall pay his own costs.

*Modified and affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.

Rehearing denied June 11, 1926.