STATE OF MISSOURI, EX REL. M. A. ROSENBLATT, Respondent, *v.* GEO. W. KERR ET AL., Appellants.

December 9, 1879.

1. Where two suits for back taxes are by order of the court tried as one, the defendant charged as owner being the same in both cases, but the defendants charged as encumbrancers being different in each, the irregularity, if not objected to, is cured by verdict.

2. In such an action it is error to render a single judgment as a lien against several parcels of land collectively.

3. The judgment in such a case should charge each separate tract of land with a lien for the distinct amount due thereon.

4. The statutory provision that attorneys' fees may be charged as costs in such cases is not unconstitutional.

APPEAL from the St. Louis Circuit Court.

*Reversed, and judgment.*

C. P. ELLERBE and FRANK HICKS, for the appellants.

M. B. JONAS, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

This is a suit for " back taxes," instituted on the relation of the collector of taxes for the city of St. Louis, under the act of April 12, 1877. It seems that two suits were commenced, in each of which George W. Kerr was a defendant, charged as owner of the land assessed, but the other defendants, sued as encumbrancers, were not the same in the two cases. The Circuit Court ordered a consolidation, and the two causes were tried as one. Defendants allege that this was error. The irregularity, if any, was not objected to in the court below, and was cured by the finding and judgment.

The court, sitting as a jury, ascertained and stated in its finding of facts the several parcels of land upon which the back taxes were due as charged in the petition, with the several and respective amounts due upon each, including all the costs and expenses, as provided for in the act of the

General Assembly. A single judgment was thereupon rendered for the aggregate of all these charges, which aggregate was adjudged to be a lien upon all the lands collectively. This entry was erroneous. The act requires that " the judgment, if against the defendant, shall describe the land upon which taxes are found to be due ; shall state the amount of taxes and interest found to be due upon each tract or lot, and the year or years for which the same are due, up to the rendition thereof, and shall decree that the lien of the State be enforced," etc. By this phraseology it is evidently intended that each separate tract or lot shall be charged with a lien for the distinct amount due thereupon, and that there shall be ·no mixing together of quantities, either as to the lands or the amounts due. Sess. Acts 1877, p. 386, sect. 7.

Defendants object that the provision in the act whereby attorneys' fees may be taxed as costs is unconstitutional, as creating a new liability, and therefore retrospective in its operation. We do not perceive that such is its effect. The provision is purely remedial, and stands upon a like footing with any other provision for compelling the delinquent to bear the expenses incident to an enforcement of the State's claim for taxes.

The defendants' motion for new trial alleges only two causes : 1. That the judgment was against the law and the evidence. 2. That the court admitted improper evidence for the plaintiff. We have already noticed all the points presented under the first alleged cause. As to the second, no exceptions were saved by defendants to any of the testimony introduced in the trial.

For error in the entry of judgment, the judgment below will be reversed. The findings of fact being properly stated and duly founded upon the evidence, need not be disturbed. A proper judgment will therefore be entered in this court upon the findings appearing in the record. All the judges concur.