THE SHAWNEE FIRE INSURANCE COMPANY v. JOHN
BAYHA, DANIEL C. LIST, WARREN B. SEXTON, AND
M. P. SEXTON, *Partners as Merriam Park Lodge
Company*.

**No. 417.**

1. FIRE INSURANCE—*Mortgage Clause—Limitation*. Where a
policy of insurance contains a mortgage clause providing that the
loss, if any, is payable to the mortgagee as his interests may ap-
pear, and other provisions constituting a separate contract of in-
surance of the mortgagee's interest, and by the provisions of the
policy any action for loss thereunder must be brought within six
months after the loss occurs, and the mortgagee fails to bring any
action thereon within the time so limited and is barred thereby,
such bar is not effectual against an action by the mortgagor
brought within the time so limited by the contract.

2. ———— *Cancelation of Policy—Notice to Mortgagee*. This
policy was made and delivered to the mortgagor to take the place
of a prior policy of another company containing the same provi-
sions respecting the mortgagee's interest, and the premium paid
therefor on notice of cancelation of the first policy to the mort-
gagor only. *Held*, that it was not essential to the validity of the
new policy, as between the insurance company and owner, that
the mortgagee should have such notice of the cancelation of the
prior policy as to terminate all its rights thereunder.

3. ———— *Action on Policy—Attorney's Fees*. The provisions
of section 3, chapter 102, Laws of 1893, providing for attorney's
fees in this class of cases, is constitutional.

Error from Johnson district court; JOHN T. BURRIS,
judge. Opinion filed December 15, 1898. Affirmed.

STATEMENT.

JOHN BAYHA, Daniel C. List, Warren B. Sexton, and
M. P. Sexton, as copartners under the firm name of
Merriam Park Lodge Company, sued the Shawnee
Fire Insurance Company on a policy issued to them on
their sanitarium building at Merriam park, making the
Missouri Savings Association a codefendant with the

insurance company.   The policy was for $1000, and contained this mortgage clause :

"Loss or damage, if any, under this policy shall be payable to Missouri Savings Association, mortgagee (or trustee), as interest may appear, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described premises, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy ; provided, that in case the mortgagor or owner, or their agents, shall neglect to pay any premium due upon this policy, the mortgagee (or trustee) shall, on demand, pay the same ; provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy, or of increase of hazard, which shall come to the knowledge of said mortgagee (or trustee), and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof ; otherwise this policy shall be null and void.   This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancelation and shall then cease ; and this company shall have the right, on like notice, to cancel this agreement.   .   .   ."

The mortgage which was set out in the answer of the insurance company contained a clause by which the plaintiffs bound themselves to cause the property to be insured for the benefit of the savings association in the sum of $3000, and to keep so much insurance by policies to be delivered to them, providing that any loss under said policies should be payable to that company

Insurance Co. v. Bayha.

as its interests might appear.  The policy sued on
was issued by the agents of the defendant company
to take the place of a policy formerly procured and
issued by the same agents in the Home Insurance
Company, on notice being given by the latter com-
pany that it desired to cancel its policy.  All of this
insurance was procured by a broker, W. B. Johnson,
and the notice of cancelation was likewise given to
him by the agents of the Home Insurance Company,
who were likewise agents for the defendant company.
In the petition of the plaintiff the policy is set forth
at large, with the mortgage clause attached, and an
allegation is made therein that the mortgage had
been fully paid by the plaintiffs.  The plaintiffs had
judgment for the full amount of the policy and inter-
est, to wit, $1042.50, and an attorney's fee of $150, as
provided by the statute in such cases.  There are four
assignments of error, as follows:  (1) In overruling
defendants' demurrer to plaintiffs' evidence;  (2) in
refusing instructions requested by the defendant in-
surance company;  (3) in allowing an attorney's fee;
(4) in denying a motion for a new trial.

*David W. Mulvane*, for plaintiff in error.

*Robinson & Carkener*, and *Scroggs & McFadden*, for
defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.:  Counsel for plaintiff in error con-
tend in their first assignment that the policy never
was in force;  and further, that if it ever was in force
the right to recover thereon was barred by the con-
tract contained in the policy limiting the time within
which action might be brought thereon to six months
after the fire occurred.  The evidence clearly discloses

the fact that the policy was executed and delivered to the broker of the plaintiffs and the premium therefor paid.  But counsel contend that, having been issued to take the place of a former policy issued by the Home Insurance Company, it would not take effect until that policy was canceled, and that that policy was not legally canceled because Johnson was not the agent of the plaintiffs for the purpose of receiving such notice of cancelation, and no notice was ever given to the Missouri Savings Association, the mortgagee.  Under the evidence, there is no question but that Johnson had full charge of all of the matters pertaining to the insurance of the property of the plaintiffs, both in procuring the policies in the first instance and seeing that they were properly maintained, as fully as though he had been the owner thereof. .

So far as the plaintiffs were concerned, the policy of the Home company was doubtless canceled.  It is true that under the terms of the Home policy, as disclosed by the evidence, the savings association might have insisted, in a suit directly against the Home company upon its policy; on the terms of the mortgage clause therein that the policy was not canceled as to them without notice.

It appears from the record that by reason of the failure of the savings association to assert its rights under the contract within the time provided by the contract itself it had forfeited all claim thereunder. This was expressly adjudged by the court in the case, and it is on this fact that the second contention is sought to be maintained that the plaintiff's right was barred.  But under the rule laid down by our supreme court in the case of *Insurance Co. v. Coverdale,* 48 Kan. 449, 29 Pac. 682, the two contracts were separate and independent ones.  The court in that case said,

in the latter part of its opinion : " The tendency of the recent cases is to recognize these distinctions, and thus protect the rights of the mortgagee, when named in the policy, and the interest of the owner and that of the mortgagee are regarded as distinct subjects of insurance."

It has likewise been held, and we think correctly, that the contracts contained in the policy, as between the mortgagor and mortgagee and the insurance company, are separate and distinct.   Therefore the right of the plaintiffs to recover did not depend on the validity of the contract  between  the company and the mortgagee as  to  the  question of limitation.    Hence, to enable the plaintiffs to recover, it was not in fact necessary that the contract between the Home company and the mortgagee or trustee should be canceled in order that the contract between the plaintiffs and the defendant insurance company might become operative. Under the second assignment of error, it is contended that the court should have given the instruction requested, to the effect that unless the jury should find that Johnson had authority, both from the plaintiffs and the Missouri Savings Association, to cancel the policy in the Home company, the jury must find that the notice to Johnson was not sufficient to cancel the Home company's policy.

This could not be a correct exposition of the law if the contract expressed in the policies constituted separate and distinct contracts as between the company and the owners and the company and the mortgagee. The policy between the company and the plaintiffs could be canceled without affecting the right of the mortgagee under its clause, which was a part of the policy.

It is further contended  that the court erred in re-

fusing to give an instruction to the effect that the mere fact of Johnson's procuring insurance creates no presumption of any further authority unless it is shown by the weight of evidence that he had greater authority, and that his agency ceased upon procuring and delivering the Home policy, and that notice to him of cancelation was not sufficient. The court in effect gave this instruction, though not in the same language.

It is further contended under this assignment that the court erred in refusing to grant an instruction as follows :

" The Missouri Savings Association had a distinct and separate interest in the Home Insurance Company policy, and that policy could not be canceled as to them by mere notice to W. B. Johnson, unless it is shown by the weight of evidence that he was authorized by the Missouri Savings Association to cancel the Home insurance policy."

So far as the plaintiffs' right to recover is concerned, it was not necessary that the Home policy should have been canceled as to the savings association. It was sufficient if it was canceled as to the plaintiffs to give effect to the contract between them and the defendant company. This necessarily follows the construction of these insurance contracts heretofore alluded to.

It is also contended that the court erred in refusing to give an instruction that under the terms of the mortgage clause attached to the Home policy the mortgagee was entitled to ten days' notice, and that if it had not such notice of cancelation before the fire the Home policy was not canceled. The same remarks apply to this. It was not necessary that the policy should be canceled as to the Missouri Savings Asso-

ciation to enable the contract to become operative as to the plaintiffs.

Under the third assignment, our attention is called to the judgment of the supreme court of the United States in the case of *Railway Co. v. Ellis*, 165 U. S. 150, 17 Sup. Ct. 255, in support of the contention that it was error to allow an attorney's fee. Our supreme court has heretofore sustained this class of legislation and enforced it as valid. We shall not take the responsibility of holding to the contrary and saying that this case comes within the purview of the one cited by counsel in support of their contention.

There being no error disclosed by the record which would justify a new trial in the case, the denial of the defendant's motion therefor was not error.

The judgment is affirmed.

McElroy, J., concurring.

Wells, J. (dissenting) : I dissent from that part of the foregoing opinion that sustains the validity of the law authorizing the taxation of attorney's fees as a part of the costs.