Leeds *v.* Defrees.

---

## LEEDS *v.* DEFREES.

[No. 19,572.    Filed November 13, 1901.]

MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Foreclosure of Lien.*—*Complaint.*—A complaint to foreclose a street improvement assessment, making a copy of the assessment roll relating to defendant's assessment a part thereof by exhibit, and disclosing that the municipal authorities performed or caused to be performed all the material acts required by the statute to create the lien is sufficient, without making copies of all resolutions, ordinances and orders adopted by the common council in the proceeding exhibits. *p. 394.*

SAME.—*Street Improvement Assessments.*—*Presumptions.*—It will be presumed in the absence of any opposing facts that the council in adopting the estimate of a street improvement assessment prepared by the city civil engineer considered it as a *prima facie* true and correct assessment by which the entire cost of the improvement was apportioned to each parcel of the abutting property according to the benefits derived by such property by reason of the street improvement, and such assessment must be deemed to be valid when assailed in a collateral proceeding. *p. 395.*

Leeds v. Defrees.

MUNICIPAL CORPORATIONS.—*Street Improvement Assessments.—Hearing.—Adjustment of Assessments.*—Under §4294 Burns 1894, an aggrieved property owner may appear before the common council at the time fixed for hearing the engineer's report of a street improvement assessment and present his objections thereto, and the council has plenary power to adjust the assessments in accordance with the benefits received. *p. 396.*

SAME.—*Street Improvements.— Notice.— Hearing.— Due Process of Law.*—Under §4294 Burns 1894, an aggrieved property owner is given notice of the proposed assessment against his property, and awarded a hearing, consequently such owner is given his day in court, and it cannot be asserted that under this statute he is deprived of his property without due process of law. *p. 396.*

SAME. — *Street Improvements.— Personal Judgment.— Appeal and Error.*—Where in an action to foreclose a street improvement assessment, the court rendered a personal judgment against the defendant, in addition to the decree foreclosing the lien, and no objections to the form or character of the judgment or motion to modify the same were made, the cause cannot be reversed because of such error. *p. 398.*

From Laporte Superior Court; *H. B. Tuthill,* Judge.

Action by Colvert H. Defrees against Minnie Leeds to foreclose a street improvement assessment. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. W. Smith* and *J. H. Gallaher,* for appellant.

*M. T. Krueger, C. R. Collins* and *J. B. Collins,* for appellee.

JORDAN, J.—Appellee as plaintiff below in a complaint of three paragraphs sought to foreclose a lien against three separate parcels of real estate. The lien in question was created by virtue of an assessment for the improvement of a certain public street in Michigan City. Appellant, having unsuccessfully demurred to each paragraph of the complaint, filed her answer, to which a demurrer was sustained. On refusal to plead further on her part a separate judgment on each paragraph of the complaint was rendered, that the plaintiff recover of the defendant the amount of the assessment due and unpaid, and a foreclosure of the lien against

the real estate described in the complaint was decreed by the court. The errors discussed and relied upon for a reversal of the judgments are (1) overruling the demurrer to each paragraph of the complaint; (2) sustaining a demurrer to the answer, and (3) that the court erred in rendering a personal judgment for the amount of the lien against appellant. Three objections are urged against the complaint: (1) That it does not disclose the dimensions of the improvement as provided and fixed by the necessity resolution; (2) that a copy of the complete or entire assessment roll was not filed with and made a part of the complaint, and (3) that the pleading discloses that the assessment in question was made under and according to the front foot rule, without regard to actual benefits. A copy of the necessity resolution as adopted by the common council was not filed with the complaint. Neither did the law contemplate that it should be. The complaint recited the adoption of such resolution, etc., but was silent in respect to the dimensions of the improvement as designated or provided for by the resolution or ordinance. Such omission did not render the complaint insufficient on demurrer. It was not essential that the plaintiff in her complaint should go into all of the minute details leading up to the assessment in controversy. Plaintiff was not required to file as exhibits copies of all resolutions, ordinances, and orders adopted by the common council in the proceedings pertaining to the improvement. Each of the paragraphs of the complaint discloses that the municipal authorities performed or caused to be performed all of the material acts required by the statute necessary to create the lien, and a copy of the assessment roll, so far as the same related to and exhibited the assessment upon the property of appellant, was filed with and made a part of each of said paragraphs. This was sufficient. *Van Sickle* v. *Belknap,* 129 Ind. 558; *Cleveland, etc., R. Co.* v. *Jones Co.,* 20 Ind. App. 87; *Dugger* v. *Hicks,* 11 Ind. App. 374; *Sloan* v. *Faurot,* 11 Ind. App. 689.

The complaint in respect to the question of assessment alleges that the civil engineer was directed by the common council to make a report, as provided by law, to that body, of a final estimate of the cost of said improvement. With this direction the engineer complied. The final estimate as reported to the council by him was by that body referred to a committee of five appointed to consider the same. At the time and place designated by the notices given as required by the statute, said committee met to consider the estimate and to hear objections thereto, and thereafter reported to the common council recommending the adoption of their report. The complaint then avers that "on the 13th day of November, 1899, the common council approved and adopted the said estimate, and ordered that it be an assessment against the said lots and parts of lots bordering on the improved part of said street." These averments do not support the contention of appellant that the assessment in controversy is illegal and void for the reasons urged by appellant that it is shown to "have been made arbitrarily by the front foot" without regard to the benefits resulting by reason of the improvement. The only legitimate conclusion which can be reasonably deduced from the alleged facts, in the absence of anything to the contrary, is that the estimate of the cost of the improvement and the apportionment of said costs to the abutting property as made and reported to the council by the engineer was accepted and adopted by that body. By the adoption of the assessment the council made it their own assessment, and it must be presumed, in the absence of any opposing facts, that the council, at least, considered it as a *prima facie* true and correct assessment, by which the entire cost of the improvement was apportioned to each parcel of abutting property according to the benefits derived by such property by reason of the street improvement. When tested by the holding of this court in *Adams* v. *City of Shelbyville*, 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484, such an assessment must be deemed to be valid when assailed

in a collateral proceeding like this to enforce a recovery thereof. If appellant was not satisfied with the part of the costs apportioned to her property, she, as was her right under §4294 Burns 1901, ought to have appeared before the common council at the time fixed for the hearing of the engineer's report, and presented her objections thereto, and sought a hearing thereon. Such a hearing, we must presume, the common council would have accorded to her. That body, under §4294, *supra,* being §7 of the Barrett law as originally enacted, was the proper tribunal before which appellant might have appeared and contested the question as to whether or not the amount of the cost of the street assessment sought to be apportioned to her abutting property exceeded, under all the circumstances in the case, the amount of benefits received by such property on account of the improvement. In the event it was shown or established to the satisfaction of the common council that such sum exceeded the amount of the special benefits resulting to such property, the common council, under the provisions of the above section, was invested with plenary powers so to change or modify the proposed assessment as to make it conform, under all the circumstances, as near as possible to such resulting benefits. *Adams* v. *City of Shelbyville,* 154 Ind. 467.

An aggrieved property owner is, under this statute, duly notified of the probable or proposed assessment against his property, and is awarded a hearing before the common council, a tribunal which the legislature had the right and power to prescribe for that purpose, and one authorized to award adequate relief to the complaining owner in respect to the assessment against his property. Consequently in the eye of the law such owner is given his day in court, and it can not be asserted that, under this statute, he is deprived of his property without due process of law. *Kiser* v. *Town of Winchester,* 141 Ind. 694, and cases cited.

Appellant by her answer assails the constitutional validity of the statute upon which the improvement in question is

based, and her counsel in their argument contend that the act is invalid for the reason that it provides no tribunal for assessing property for street improvements according to the benefits received; that it provides no tribunal authorized to determine in what manner or to what extent abutting property is benefited by the improvement.    But in this contention appellant is mistaken.   What we previously said in considering the objections of appellant in regard to the complaint fully meets and refutes her contention.

The statute in question, as shown, provides a tribunal for that purpose, and further provides that an aggrieved person shall have the right to appear before it and be accorded a hearing on his objections to the proposed assessment.   The power to hear the complaint of the aggrieved owner carries with it such implied power as will make the hearing effectual; for the rule is well settled that when a general power is granted by a statute every necessary power for the effectual exercise thereof is given by implication. *Studabaker* v. *Studabaker,* 152 Ind. 89; *Conn* v. *Board, etc.,* 151 Ind. 517; *Satterwhite* v. *State,* 142 Ind. 1, and cases cited.

Possessing such general power under the statute, the council certainly had the right upon a hearing to award adequate and effectual relief by ultimately apportioning the cost of the improvement to the several pieces of property according to the benefits resulting to each on account of the improvement.   It is true that the statute provides what may be considered as *prima facie* evidence of the benefits received by abutting property, but such standard or evidence is not conclusive, as the council has the right so to apportion the cost as to make it conform to the benefits derived.

We held in *Adams* v. *City of Shelbyville,* 154 Ind. 467, that the statute involved in this case, which is commonly known as the Barrett law, did not violate any of the provisions of the State or federal Constitution.   This holding we have repeatedly affirmed, the last case being *Martin* v. *Wills, ante,* 153.

We are again referred to the decision in the case of *Norwood* v. *Baker,* 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, but the decision in that case as subsequently interpreted by the Supreme Court of the United States lends no support to appellant's contention that the statute in controversy violates the fourteenth amendment of the federal Constitution. See the decisions of that court collected and cited in *Martin* v. *Wills, supra.*

It is lastly insisted that the court erred in rendering a personal judgment against appellant in addition to the decree foreclosing the lien. In this contention we concur, but no objections to the form or character of the judgment or motion to modify the same were made in the trial court, hence, appellant is not in position to demand a reversal for this irregularity in respect to the judgment. *Cockrum* v. *West,* 122 Ind. 372; *Hormann* v. *Hartmetz,* 128 Ind. 353; *Heal* v. *Niagara Oil Co.,* 150 Ind. 483.

Finding no available error the judgment is in all things affirmed.