## WRAY v. FRY ET AL.

[No. 19,676. Filed February 18, 1902.]

MUNICIPAL CORPORATIONS.—*Sewers.*—*Assessments.*—*Constitutional Law.* —The act of 1895 for the construction of sewers (Acts 1895, p. 190) is not unconstitutional as providing for the assessment of the cost thereof without regard to benefits, since §3 thereof provides that the provisions of the Barrett law relating to the assessment for street improvements shall govern in making assessments for local sewers, and by the Barrett law, §4294 Burns 1894, the power to assess benefits to the abutting property is vested in the common council, and the council has the right to adjust the assessments so as to conform to the actual special benefits accruing to the abutting property on account of the improvement. *pp. 93, 94.*

SAME.—*Sewers.*—*Assessments.*—The fact that the amount assessed against appellant's property for the construction of a sewer was

the same as that reported by the city engineer, determined by frontage, does not show that the same was made arbitrarily without regard to benefits. *pp. 94, 95.*

MUNICIPAL CORPORATIONS.—*Sewers.*—*Enforcement of Assessment.*—*Collateral Attack.*—It is not necessary to aver in a complaint in an action to enforce a sewer assessment that defendant's property was benefited by the improvement, since it will be presumed in such an action that the lot was benefited to the amount of the assessment. *p. 95.*

SAME.—*Sewers.*—*Assessment.*—*Collateral Attack.*—The question of benefits accruing to property assessed for sewer improvements is for the determination of the common council, and their action is conclusive against collateral attack. *p. 95.*

SAME.—*Sewers.*—*Assessments.*—*Hearing.*—A property owner cannot question the assessment made against his property for the construction of a sewer in an action to enforce the assessment on the alleged ground that he appeared before the committee and objected, and the committee after hearing his objections informed him that his property was not benefited by the construction of the sewer, and that they would so report to the council, but on the contrary reported the approval of the assessment by the front foot rule, since the committee was not authorized to assess benefits, but only make recommendations, and the property owner was entitled to a hearing on his objections, not only before the committee, but before the common council, and he should have presented his objections to that body and obtained the hearing accorded by the statute. *pp. 95, 96.*

APPEAL AND ERROR.—*Harmless Error.*—Where a cross-complaint was clearly insufficient for want of facts, sustaining a demurrer thereto on the ground that "it fails to state sufficient facts to constitute a cross-complaint," was harmless. *p. 96.*

From Hancock Circuit Court; *J. E. McCullough*, Special Judge.

Action by James W. Fry and others against Samuel W. Wray to enforce the lien of a sewer assessment. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*E. Marsh* and *W. W. Cook*, for appellant.
*Earl Sample*, for appellees.

MONKS, J.—Appellees brought this action in November, 1899, to enforce the lien of an assessment for the construction of a sewer, under the act of 1895, Acts 1895, pp. 190-192, being §§3597a-3597c Burns 1901. A trial of the cause resulted in a finding for appellees and a judgment

thereon enforcing said lien. The errors assigned, and not waived, call in question the sufficiency of the complaint, the action of the court in sustaining a demurrer to appellant's answer, and in sustaining a demurrer to appellant's cross-complaint.

It is insisted by appellant that the statute under which said sewer was constructed is unconstitutional and void for the reason "that section one of the act of 1895 provides that the total cost of any sewer shall be apportioned, *pro rata,* against the abutting property, without regard to benefits;" citing *Norwood* v. *Baker,* 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, and other cases. Section three of said act of 1895, being §3597c, *supra,* provides that the provisions of the law known as the "Barrett law," "relating to the assessment for street improvements, shall govern the common council in making assessments for the cost of any local sewer or drain or the equivalent thereof."

The assessment was made by said common council under the provisions of the Barrett law, as required by said act of 1895. While the Barrett law provides what the *prima facie* benefits to the abutting property shall be, this is not conclusive. The power to assess the benefits to the abutting property is vested in the common council by §4294 Burns 1901, and that body has the right to adjust the assessments so as to conform to the actual special benefits accruing to the abutting property on account of the improvement. *Hibben* v. *Smith, post,* 206 ; *Leeds* v. *DeFrees,* 157 Ind. 392.

The "Barrett law", as interpreted by this court, is not obnoxious to any provision of the State or federal Constitution. *Martin* v. *Wills,* 157 Ind. 153, and cases cited; *Hibben* v. *Smith, supra; Shank* v. *Smith,* 157 Ind. 401; *Leeds* v. *DeFrees,* 157 Ind. 392.

It is next urged that the complaint is insufficient, because: (1) It shows that the assessment was made against the appellant according to the frontage, "instead of actual benefits"; (2) "that there is no averment in the complaint

that appellant was in fact benefited by said improvement."

It appears from the complaint that the amount assessed against appellant's lot was the same as that reported by the city engineer, determined by frontage. This does not show that the assessment was made arbitrarily, or that the same is illegal or void. *Leeds* v. *DeFrees,* 157 Ind. 392.

It was not necessary to aver in the complaint that appellant's said lot was benefited by said improvement. It must be presumed that the lot was benefited to the amount of the assessment when assailed in a proceeding to collect the same, such an attack being a collateral one. *Leeds* v. *DeFrees, supra; Shank* v. *Smith, supra.*

Appellant's answer and cross-complaint each proceed on the theory that the assessment may be challenged in an action to collect the same, on the ground that appellant's lot was not benefited by said improvement, and that the assessment was greater than the benefits received. These questions were for the determination of the common council, and, as that body had full and complete jurisdiction of the subject-matter and the person of the appellant, their action was conclusive against collateral attack. *Leeds* v. *DeFrees, supra; Shank* v. *Smith; supra; Hibben* v. *Smith, supra.*

It is alleged in appellant's answer "that, at the time and place appointed to hear objections to said assessment, appellant appeared before the committee of the common council, and presented his objections to the assessment against his said lot, and said committee, after hearing his objections, informed him that his said lot was not benefited by the construction of said sewer, and that they would so report to the council; that said committee failed to make such report, but, on the contrary, reported the approval of the assessment by the front foot rule as made by the engineer; that, by the failure of said committee to report as aforesaid, this defendant was deceived and misled, and prevented from enforcing his legal rights." How he was prevented by said action of

the committee "from enforcing his legal rights" is not shown. Said committee was not authorized to assess benefits; it could only make recommendations to the common council. §4294 Burns 1901. The power to make assessments in such cases was vested in the common council. This, appellant was bound to know. If the committee had reported to the council that appellant's lot was not benefited, that body had the power, notwithstanding such report, to assess benefits against said lot. Under said §4294, *supra,* appellant was entitled to a hearing on his objections, not only before the said committee, but before the common council. In the exercise of diligence, he should have presented his objections to that body, and obtained the hearing· accorded by the statute. His failure to do this gives him no right to be heard in this action on such questions.

Appellant insists that the court erred in sustaining appellees' demurrer to the cross-complaint, for the reason that said demurrer was so defective in form as to present no question for decision. The demurrer was on the ground that the "cross-complaint fails to state sufficient facts to constitute a cross-complaint." While the demurrer stated a ground of objection not known to the statute, and it would not have been error if the court had overruled it (*Blue* v. *Capital Nat. Bank,* 145 Ind. 518, 520, and· cases cited), yet, as said paragraph of cross-complaint was clearly insufficient for want of facts, the error of the court in sustaining a demurrer thereto was harmless. *Bollman* v. *Gemmill,* 155 Ind. 33, 36, and cases cited; *State, ex rel.,* v. *Indiana Board of Pharmacy,* 155 Ind. 414, 415; *Garrett* v. *Bissell, etc., Works,* 154 Ind. 319, 321, and cases cited; *Goldsmith* v. *Chipps,* 154 Ind. 28, 29, and cases cited.

The other questions argued in appellant's brief are decided contrary to appellant's contention in *Leeds* v. *DeFrees, supra; Shank* v. *Smith, supra,* and *Hibben* v. *Smith, supra.*

Judgment affirmed.