PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* FISH.

[No. 19,689.   Filed April 3, 1902.   Rehearing denied May 21, 1902.]

MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Preliminary Order.*—The preliminary order by resolution declaring a necessity for the improvement of a street, as provided by §4289 Burns 1901, is not essential to the jurisdiction of the common council of a city, or to the validity of an assessment. *p. 527.*

RAILROADS.—*Right of Way.—Lien for Street Improvements.—Personal Judgment.*—Property of a railroad company which is essential to the operation of the road, and in carrying forward its corporate purpose, will not be ordered sold by piecemeal to satisfy a lien for street improvements, but in lieu of an order of sale the court will award the plaintiff a personal judgment, to be collected as ordinary judgments at law are collected. *p. 528.*

MUNICIPAL CORPORATIONS. —*Assessments for Street Improvements. —Attorney's Fees.*—The attorney's fee allowed in an action against a railroad company to collect an assessment for street improvements pertains to the remedy, and is no part of the assessment. *p. 529.*

SAME.—*Foreclosure of Improvement Lien.—Proof Necessary.*—In an action to foreclose a street improvement lien, it is necessary to prove by competent evidence *dehors* the complaint, every step in the statutory scheme that leads up to and clothes the board of trustees with power to make a valid assessment. *pp. 529, 530.*

From Pulaski Circuit Court; *G. W. Beeman*, Judge.

Action by John W. Fish against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company to foreclose lien for street improvements. From a judgment for plaintiff, defendant appeals. *Reversed.*

*N. O. Ross* and *G. E. Ross*, for appellant.
*W. W. Borders*, for appellee.

HADLEY, J.—Foreclosure of a statutory lien against the right of way of appellant on account of the improvement of a street in the town of Winamac. The complaint is in the usual form. Answer in general denial, and that the defendant is a railroad corporation organized under the laws of Indiana and other states, and engaged in the business of a common carrier of passengers and freights in interstate commerce, and also in carrying United States mails under contract with the national government, pursuant to an act of congress, and that the property assessed is its depot grounds and right of way which are necessary to the operation of its railroad, and the assessment was made by the front foot rule, and without reference to benefits, and is unconstitutional. Appellant's demurrer to the complaint, and its motions to modify the judgment, and for a new trial were over-

ruled. Error is assigned on each of these rulings. The improvement was made under the provisions of the act of 1889 known as the "Barrett law." §4288 *et seq.* Burns 1901. The constitutionality of this act has recently been so often affirmed that it no longer remains an open question.

I. The only other objection to the complaint pointed out by appellant is the absence of averment that the notice of the adoption of the primary resolution of necessity was given as provided by §2 of the act. It is averred that notice for proposals for making the improvement, and notice of the filing of the engineer's report, and of the time and place for a hearing of grievances, were given as required by sections one and seven of said act, and that the trustees' committee and the board of trustees, met at the time and place designated in such notice, and heard all grievances presented, and after due consideration the board adopted the engineer's report, and made the assessments of benefits, assessing against appellant's said property the sum of $117. With respect to municipal improvements, it is settled in this, and most other states, that the subject-matter being clearly within the jurisdiction of municipal legislative bodies, jurisdiction over the persons of those affected by an improvement will be sufficiently obtained if, at any step in the proceedings, and before the assessments are made, an opportunity is afforded to all persons feeling aggrieved to make whatever defense they may have against the assessment of their property. It has therefore been held that notice of the resolution of necessity, the purpose of which is merely to invite the views and counsel of the property owners, is not essential to jurisdiction, or to the validity of an assessment. *Hughes* v. *Parker,* 148 Ind. 692; *Barber, etc., Co.* v. *Edgerton,* 125 Ind. 455; *Quill* v. *City of Indianapolis,* 124 Ind. 292, 7 L. R. A. 681. The complaint is not subject to the objection urged.

II. As a part of the finding and judgment is the following, in substance: That there is due the plaintiff on the

assessment sued on $117, and the further sum of $25 attorney's fees, and that the same is a lien on the real estate described; that by reason of the fact that said real estate is a part of the right of way and station grounds of the defendant, a railroad corporation, and a common carrier of freights and passengers and of the United States mail, and is so used, and is necessary to the proper and successful operation of its railroad and conduct of its corporate business, and that the lien can not be foreclosed against the same, and the property sold for the payment of said judgment, without interference with the rights of the public,—the plaintiff is therefore entitled to a personal judgment against the defendant for the sum so found due, and judgment is rendered accordingly.

Appellant insists that the court had no power to render a personal judgment against it for said assessment, and that its motion to modify the judgment in this respect should have been sustained.    This insistence we cannot allow. When the public grants a franchise to a railroad corporation, and gives to it the right of eminent domain, it does so upon the theory that benefits will be returned.    Hence it is that the public has an interest in the exercise of such a franchise that a court of equity, in the absence of a specific statutory provision, will not suffer disturbed, when private right may find another adequate remedy.    Accordingly it has been held that such property of a railroad company as is essential to the operation of the road, and in carrying forward its corporate purpose, will not be ordered sold by piecemeal to satisfy a statutory lien, but in lieu of an order of sale the court will award the plaintiff a personal judgment, to be collected as ordinary judgments at law are collected.    *Louisville, etc., R. Co.* v. *State,* 122 Ind. 443; *Louisville, etc., R. Co.* v. *Boney,* 117 Ind. 501, 3 L. R. A. 435; *Louisville, etc., R. Co.* v. *State,* 8 Ind. App. 377; *Lake Erie, etc., Co.* v. *Bowker,* 9 Ind. App. 428.

III. In addition to the amount due on the assessment, the court, under §9 of said act, gave the plaintiff judgment for $25 as a reasonable attorney's fee. This did not make the assessment of damages excessive. The attorney's fee allowed was not a part of the assessment. It pertained to the remedy and was properly allowed. *Dowell* v. *Talbott Paving Co.*, 138 Ind. 675; *Lake Erie, etc., R. Co.* v. *Walters,* 13 Ind. App. 275.

IV. A more serious question arises upon the sufficiency of the evidence to sustain the finding. The plaintiff introduced in evidence the complaint and the original summons, and the sheriff's return indorsed thereon, which documents are set out at length in the bill of exceptions. The sum total of the balance of the evidence, all of which was introduced by the plaintiff without objection from the defendant, follows: "Q. You may state your name? A. Henry A. Steis. Q. What official capacity were you acting in, in 1899? A. I was town attorney. Q. You may state if you are acquainted with the assessments made by the board of town trustees, for the improvement of Pearl street, in the town of Winamac, Pulaski county, Indiana? A. Yes, sir. Q. You may state if the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company was assessed for those improvements? A. Yes, sir, it was. Q. You may state the amount of the assessment? A. Can get the amount from the record; it was a hundred some odd dollars of the assessment, but I do not remember the exact amount, if you have the record it will show you. Q. The record will show $171.60? A. Yes, that is right, $171.60; wait a minute, it is $117.60. Q. $117.60? A. Yes, sir." W. W. Borders, plaintiff's attorney, testified, "I will testify that an account of this assessment was placed in my hands for collection more than a year ago. I made demand of payment and payment was refused before the complaint was filed." Mr. Steis recalled: "Q. Mr. Steis, you may state what it

is worth to collect a claim of $117.60. A. $25. The defendant introduced no evidence and this was all the evidence given in the cause."

In an action for the enforcement of a right granted by a special statute, not only the complaint, but the proof, must show that all the conditions upon which the right depends have been complied with. Towns have the right to improve streets, and to assess the cost thereof against the abutting property; but the right rests wholly upon an orderly procedure prescribed by the statute which gives the property owners a hearing before their lands are charged. The complaint, as against the general denial, proves nothing. The general denial challenges proof of every material averment of the complaint, which means proof, by competent evidence *dehors* the complaint, of every step in the statutory scheme that leads up to, and clothes the board of trustees with power to make a valid assessment. The statute plainly provides the steps that shall be taken in a street improvement to create an enforcible lien, and it can be created in no other way. *Van Sickle* v. *Belknap*, 129 Ind. 558; *Leeds* v. *Defrees*, 157 Ind. 392; *Cleveland, etc., R. Co.* v. *Jones Co.*, 20 Ind. App. 87.

Proof that the town attorney was acquainted with the assessments made by the town board for the improvement of Pearl street, and that appellant was assessed therefor $117, was no evidence at all that the assessment alluded to was a valid assessment, or that the plaintiff had any right to its enforcement. There is a total absence of evidence upon a material issue, and appellant's motion for a new trial should have been sustained. Cause reversed, with instructions to grant appellant a new trial.