# PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. TABER.

[No. 20,580. April 25, 1906. Rehearing denied May 2, 1907.]

1. MUNICIPAL CORPORATIONS. — *Street Assessments.* — *Personal Judgment.*—A personal judgment may be rendered, under §4294 Burns 1901, Acts 1899, p. 63, §2, against a railroad company, whose property was assessed for street improvements. p. 421.

2. SAME.—*Street Assessments.—Attorneys' Fees.—Constitutional Law.*—The act of 1899 (Acts 1899, p. 63, §2, §4294 Burns 1901), providing for the recovery of plaintiff's attorneys' fees, in cases for the collection of street assessments, is constitutional. p. 422.

3. TRIAL.—*Special Findings.—Conclusions of Law.—Motion to Modify Judgment.—New Trial.*—Where the judgment follows the special findings and the conclusions of law thereon, a motion for a new trial, and not a motion to modify such judgment, is the proper practice. p. 423.

4. MUNICIPAL CORPORATIONS. — *Street Assessments.* — *Property Liable.*—*Railroads.*—A railroad company owning a right of way abutting upon a street is subject to an assessment for the improvement of such street. p. 424.

5. SAME.—*Ordinances.*—*Street Assessments.*—*Methods.*—A municipal ordinance directing the cost of a street improvement to be made "per lineal foot" according to the laws now in force, does not prevent the assessment from being according to benefits; and if it did, the proceedings would not be invalid. p. 424.

6. SAME.—*Street Assessments.*—*Procedure.*—Under the act of 1889 (Acts 1889, p. 237) all property within the street improvement taxing district *prima facie* received special benefits, but the municipal authorities had the power to change the uniform assessment rule upon objection; and all owners had a right to a hearing on such assessment. p. 425.

7. SAME. — *Street Assessments.* — *Collateral Attack.* — Where street improvement assessments are made, without objection, by the front-foot method, such assessment is not subject to a collateral attack. p. 425.

8. SAME.—*Street Assessments.*—*Collection.*—Under §4294 Burns 1901, Acts 1899, p. 63, §2, the contractor, or his assignee, of a street improvement may collect at once the full amount of a frontager's assessment, unless the frontager files a written waiver as provided in such section. p. 425.

9. SAME.—*Street Assessments.*—*Notice.*—*Constitutional Law.*— The board of trustees of a town have jurisdiction over the persons and property of frontagers, by virtue of the notice given as provided by §4294 Burns 1901, Acts 1899, p. 63, §2, to render valid the street assessments made by them. p. 426.

10. SAME. — *Street Assessments.* — *Engineer's Report.* — *Subsequent Report.*—Where the engineer made a report of the property benefited by a street improvement as required by §4293 Burns 1901, Acts 1889, p. 237, §6, but such report imperfectly describes the property, a subsequent report, with correct descriptions, approved, after notice given and without objection, by the town board, constitutes a valid assessment. p. 426.

11. SAME.—*Street Assessments.*—*Engineer's Reports.*—*Time of Adoption.*—The town board's adoption of the report of the engineer, as to the proper assessment of frontagers' property for a street improvement, as required by §4293 Burns 1901, Acts 1889, p. 237, §6, on the same night such report was made, does not render it an invalid assessment. p. 428.

12. SAME.—*Street Assessments.*—*Constitutional Law.*—The act of 1889 (Acts 1889, p. 237), providing the method of street im-

provements and the payment therefor, and the acts amendatory thereof and supplemental thereto (Acts 1891, p. 323, Acts 1893, p. 283, Acts 1899, pp. 8, 63, 411) do not violate either the federal or state Constitution.   p. 428.

From White Circuit Court; *Truman F. Palmer,* Judge.

Action by Oliver P. Taber against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*George E. Ross,* for appellant.

*Jesse E. Wilson* and *Jasper Guy,* for appellee.

Monks, J.—This action, for work done by appellee in the improvement of certain streets, was brought to collect assessments of benefits made against real estate owned by appellant in fee simple and used by it as a railroad right of way and for freight and passenger depot grounds in the town of Remington.   The proceedings for the improvement were under §4288 *et seq.* Burns 1901, known as the Barrett law.   A trial of said cause resulted in a special finding of facts, conclusions of law thereon, and final judgment *in personam* against appellant for said assessments, with six per cent interest and attorneys' fees.

The first question presented by the record is the right of appellee to recover,. and the power of the court to render a judgment against appellant *in personam.*   This

1.   question arises on the rulings of the court on the demurrer to the complaint, on the demurrer to the third paragraph of answer, on the conclusions of law upon the facts found, and in overruling appellant's motion to modify the judgment.   Appellant insists that as "the right of action declared on is not the personal obligation or promise of appellant, nor one that it assumed to pay, but is only an assessment or lien created by statute against specific property, which must be collected in a specified way, by enforcing the lien against the property assessed, there is no other remedy," and the court erred

in said several rulings. This question has recently been considered by this court in *Pittsburgh, etc., R. Co.* v. *Fish* (1902), 158 Ind. 525, 528, and it was there held, citing a number of cases, that it is proper for the court to render a personal judgment against a railroad company in an action to recover an assessment of benefits for the improvement of a street, as in this case, under §4288, *supra,* and the same is no longer an open question in this State.

Appellant contends that the amended section of the Barrett law (§4294 Burns 1901, Acts 1899, p. 63, §2), which provides that, if the property owner refuses to pay 2. the assessment made against his property, the contractor may sue and recover, in addition to the assessment, a reasonable attorney's fee, is in violation of the fifth and fourteenth amendments of the federal Constitution and §12, article 1, of the Constitution of this State. The same contention as to the constitutionality of the provision in regard to attorneys' fees was made in *Brown* v. *Central Bermudez Co.* (1904), 162 Ind. 452, 459, where the same was upheld as constitutional. See, also, *Pittsburgh, etc., R. Co.* v. *Fish* (1902), 158 Ind. 525, 529; *State* v. *Kerr* (1879), 8 Mo. App. 125; *People* v. *Seymour* (1860), 16 Cal. 332, 76 Am. Dec. 521, 527; *United States Electric, etc., Co.* v. *State* (1894), 79 Md. 63, 72, 28 Atl. 768; *Duckwall* v. *Jones* (1901), 156 Ind. 682, 685, 686, and cases cited; *Title Guarantee Co.* v. *Wrenn* (1899), 35 Ore. 62, 56 Pac. 271, 76 Am. St. 454; *Wortman* v. *Kleinschmidt* (1892), 12 Mont. 316, 30 Pac. 280; *Helena, etc., Supply Co.* v. *Wells* (1895), 16 Mont. 65, 40 Pac. 78; *Griffith* v. *Maxwell* (1898), 20 Wash. 403, 55 Pac. 571; *Ivall* v. *Willis* (1897), 17 Wash. 645, 648, 50 Pac. 467; *Rapp* v. *Spring Valley Gold Co.* (1888), 74 Cal. 532, 16 Pac. 325; *McIntyre* v. *Trautner* (1889), 78 Cal. 449, 21 Pac. 15; *Dell* v. *Marvin* (1899), 41 Fla. 221, 227, 228, 26 South. 188; 79 Am. St. 171, 45 L. R. A. 201; *Thompson* v. *Wise Boy Min., etc., Co.* (1903), 9

Idaho 363, 74 Pac. 958, 960, 961; *Union Cent. Life Ins. Co. v. Chowning* (1894), 86 Tex. 654, 26 S. W. 982, 24 L. R. A. 504; *Union Cent. Life Ins. Co. v. Chowning* (1894), 8 Tex. Civ. App. 455, 28 S. W. 117; *Washington Life Ins. Co. v. Gooding* (1898), 19 Tex. Civ. App. 490, 49 S. W. 123; *Mutual Life Ins. Co. v. Blodgett* (1894), 8 Tex. Civ. App. 45, 27 S. W. 286; *Iowa Life Ins. Co. v. Lewis* (1902), 187 U. S. 335, 355, 23 Sup. Ct. 126, 47 L. Ed. 204; *Fidelity Mut. Life Assn. v. Mettler* (1902), 185 U. S. 308, 325, 327, 22 Sup. Ct. 662, 46 L. Ed. 922; *British American Assur. Co. v. Bradford* (1898), 60 Kan. 82, 55 Pac. 335; *Shawnee Fire Ins. Co. v. Bayha* (1898), 8 Kan. App. 169, 55 Pac. 474; *Insurance Co. of North America v. Bachler* (1895), 44 Neb. 549, 62 N. W. 911; *Farmers, etc., Ins. Co. v. Dobney* (1901), 62 Neb. 213, 86 N. W. 1070, 97 Am. St. 624, 630, and cases cited, and note, page 633; *Farmers, etc., Ins. Co. v. Dobney* (1903), 189 U. S. 301, 304-306, 23 Sup. Ct. 565, 47 L. Ed. 821; *Lancashire Ins. Co. v. Bush* (1900), 60 Neb. 116, 82 N. W. 313; 4 Cooley, Briefs on Insurance, pp. 3890, 3891, and cases cited.

It is claimed by appellant that "the amount adjudged to be due from appellant on account of the assessments is larger than the amount of said assessments with six per cent interest thereon from the time made until the rendition of the judgment." The judgment was rendered for the amount of the assessments with interest and attorneys' fees, as stated in the special findings and in the conclusions of law. In such a case a motion to modify is properly overruled. *Nelson v. Cottingham* (1899), 152 Ind. 135, 137, and cases cited; *Chicago, etc., R. Co. v. State, ex rel.* (1902), 159 Ind. 237, 242; *Maynard v. Waidlich* (1901), 156 Ind. 562, 566. If the amount found to be due in the special findings was too large, the remedy was by motion for a new trial, assigning that as a cause. §568 Burns 1901, cl. 5, §559 R. S. 1881;

*Chicago, etc., R. Co.* v. *State, ex rel., supra.* We find, however, that the amount assessed by the court does not exceed the assessment of benefits, interest, and attorneys' fees.

It appears that a part of the street to be improved is located upon appellant's right of way, the title to which in fee simple was quieted in appellant, subject to the easement of said street, after the proceeding to improve said street was commenced. Appellant claims that the judgment in said cause provides that the street to be improved is to be used mutually by appellant and the public, and that the part of the right of way not occupied by said street and abutting thereon is not subject to assessment for the improvement of said street. The judgment does not, however, give appellant any right to use said street in any way inconsistent with the use thereof by the public as a street. The authority over said street, including the part thereof which is located on the land of appellant, and the responsibility of maintaining and improving it, are on the town of Remington, the same as the other streets of said town. It is held in this State that the right of way of a railroad company abutting upon a street is subject to assessment for the improvement of such streets. *Peru, etc., R. Co.* v. *Hanna* (1879), 68 Ind. 562, 567, and cases cited; *Pittsburgh, etc., R. Co.* v. *Fish* (1902), 158 Ind. 525; *Pittsburgh, etc., R. Co.* v. *Hays* (1897), 17 Ind. App. 261, 264, 265, 268, 269; *Lake Erie, etc., R. Co.* v. *Bowker* (1894), 9 Ind. App. 428; Elliott, Roads and Sts. (2d ed.), §570.

The ordinance ordering the improvement provided that the cost of the "improvement shall be assessed per lineal foot against the real estate abutting" thereon, according to the provisions of the act approved March, 1889 (Acts 1889, p. 237), and all acts amendatory and supplemental thereto. This does not attempt to prevent the assessment of the abutting real estate according to the benefits, as claimed by appellant. But if

it did it would not render the proceedings invalid. *Brown* v. *Central Bermudez Co., supra.* Under that act the real estate within the taxing district, *prima facie* received special benefits from the improvement according to

6.  frontage, but if in fact the special benefits were not according to frontage, the board of trustees of the town had power to alter or change the same so as to conform to the special benefits received. And all persons whose property was assessed with benefits had the right to a hearing before such question was determined. *Adams* v. *City of Shelbyville* (1900), 154 Ind. 467, 484, 491, 49 L. R. A. 797, 77 Am. St. 484; *Leeds* v. *Defrees* (1901), 157 Ind. 392, 395, 397; *Wray* v. *Fry* (1902), 158 Ind. 92, 94, 95; *Hibben* v. *Smith* (1902), 158 Ind. 206, 208, 209; *Shank* v. *Smith* (1901), 157 Ind. 401, 410-412, 55 L. R. A. 564; *Voris* v. *Pittsburg Plate Glass Co.* (1904), 163 Ind. 599, 605. There were no objections made to the estimate of the cost of the improvement and the

7.  apportionment of said cost to the abutting property according to frontage as made and returned by the engineer under §4293 Burns 1901. The board of trustees approved the report, and thereby determined that the abutting property received special benefits from said improvement as apportioned in the report of the engineer. Such an assessment is valid and conclusive against collateral attack. *Leeds* v. *Defrees* (1901), 157 Ind. 392, 395, 396; *Brown* v. *Central Bermudez Co.* (1904), 162 Ind. 452, 459; *Voris* v. *Pittsburg Plate Glass Co., supra.*

The ordinance ordering the improvement provided that the assessments of benefits should be payable in semiannual instalments and that bonds be issued there-

8.  for. Appellant insists that this is an action to collect the assessment in gross, and in violation of the terms of said ordinance. The final ordinance, by which the board of trustees assessed benefits against the abutting property, provides for the payment of the assessment by in-

stalments, but that said provision should only apply to the owners of the abutting property who file the agreement provided for in §4294, *supra.* Said section expressly provides that the owner of any property which has been assessed, who shall not file such agreement, shall be required to pay his assessment in full when made and the contractor or his assignees may collect the same by suit in any court of competent jurisdiction. Appellant never filed the agreement required by §4294, *supra,* and the assessments made against the abutting property owned by it were collectible by suit, under the provisions of said section of the statute.

Appellant next insists that the statute makes no provision for notice of a hearing before the board of trustees and that the same is unconstitutional for this reason. This court has held that the notice required by §4294, *supra,* is sufficient notice of the time when and place where a hearing can be had upon such report by the board of trustees of an incorporated town; and the publication thereof when made gives the board of trustees of the town full and complete jurisdiction over the persons of each landowner within the taxing district. *Voris* v. *Pittsburg Plate Glass Co., supra; Leeds* v. *Defrees, supra; Shank* v. *Smith, supra; Hibben* v. *Smith, supra; Deane* v. *Indiana Macadam, etc., Co.* (1903), 161 Ind. 371, 375, 376, and cases cited; *Adams* v. *City of Shelbyville* (1900), 154 Ind. 467, 485-488, 49 L. R. A. 797; *Wray* v. *Fry, supra.*

After the improvement was completed the engineer made and filed his reports under §4293 Burns 1901, Acts 1889, p. 237, §6, and such proceedings were had that the same were approved by the board of trustees and an ordinance passed assessing the benefits as apportioned by the engineers. Subsequently, on notice to appellant, the board of trustees, on account of the defective and insufficient descriptions of the several lots, tracts and parcels of land in the taxing district, as contained in said

reports of the engineer and in the subsequent proceedings of the board of trustees, made an order of record that the town engineer make and file another report under §4293, *supra*. In compliance with this order the town engineer made and filed reports substantially the same as the ones first made and filed, except that the descriptions of the several lots, tracts and parcels of land were made more specific and certain. Notices of the time when and place where a hearing could be had on said new or amended reports were given in all respects as required by §4294, *supra*, and on the day set for said hearing, after the report of the committee appointed under §4294, *supra*, had been made, the board of trustees, no one appearing or making any objection to said reports of the engineer, approved the same and thereby assessed the benefits to the several lots, tracts and parcels of land as shown in the reports of the engineer. *Voris* v. *Pittsburg Plate Glass Co., supra; Brown* v. *Central Bermudez Co., supra; Leeds* v. *Defrees, supra.*

Appellant insists that by the first assessment the board of trustees exhausted its power, and the second assessments, upon which this action was brought, were null and void, for which reason there can be no recovery in this case. It was held by this court in *Hibben* v. *Smith, supra*, citing a number of cases, that the power and duty of the board of trustees under said statute to make an assessment for such improvement continues in that tribunal until legally exercised. The board of trustees after notice to appellant found that the descriptions of the real estate in the taxing district were defective and insufficient in the engineer's reports and the subsequent proceedings, and required new or amended reports of the engineer, and took the proper steps to make an assessment of benefits containing specific and correct descriptions of said real estate. These assessments when made superseded and vacated the first assessments, and are not void. *Hibben* v. *Smith, supra*, at page 211, and au-

thorities cited. The fact that the board of trustees adopted the reports of the engineer the night the committee reported the same did not render said act invalid.

Appellants had the right to go before that body and demand a hearing, and, if necessary, invoke the power of the courts to secure the right. *Hibben* v. *Smith, supra; Shank* v. *Smith, supra; Brown* v. *Central Bermudez Co., supra.* It does not appear, however, that appellant ever sought the opportunity for a hearing. It has been uniformly held by this court that the law under which said improvement was made is not in violation of any provision of the federal or state Constitutions, and that the same is no longer an open question. *Voris* v. *Pittsburgh Plate Glass Co., supra,* and cases cited; *Leeds* v. *Defrees, supra; Martin* v. *Wills* (1901), 157 Ind. 153, and cases cited; *Shank* v. *Smith, supra; Adams* v. *City of Shelbyville, supra; McKee* v. *Town of Pendleton* (1900), 154 Ind. 652; *Hibben* v. *Smith, supra; Pittsburgh, etc., R. Co.* v. *Fish, supra; Wray* v. *Fry, supra.*

Judgment affirmed.