PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY v. TOWN OF REMINGTON.

[No. 6,824. Filed November 3, 1909. Rehearing denied March 15,
1910.]

1. RAILROADS.— Easements.— Depots.— Access to.— Injunction.—
Decree.—A decree in a suit to enjoin a town from exercising any
rights over a railroad right of way, providing that "neither party
shall erect any barriers between Ohio street and Indiana street to
prevent free access to the depot or streets," does not prevent the
company from enclosing all parts of such right of way that are
not portions of streets. p. 563.

2. RAILROADS.—Depots.—"Free Access" to.—Injunction.—Decree.—
A decree providing that a railroad company shall not erect any
barriers that will prevent "free access" to its depot or to the
streets, is not violated where the enclosures do not interfere with
the streets which lead to such depot. p. 564.

3. INJUNCTION.—Violating Decree.—Railroads.—Access to Depots.
—Complaint.—A complaint alleging that in a prior suit defendant
railroad company was ordered not to erect any obstruction which
would prevent free access to its depot, and that such company has
erected an enclosure which does prevent such access, is sufficient.
p. 565.

4. APPEAL.— Rehearing.— Questions Presentable.— Questions not
presented in the original brief cannot be entertained on a petition
for rehearing. p. 565.

5. RAILROADS.— Depots.— "Free Access."— Decree.— A decree re-
quiring a railroad company not to obstruct the "free access" to
its depots, requires not only access, but also that such access shall
not be in any manner obstructed. p. 565.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Pittsburgh, etc., R. Co. v. Town of Remington—45 Ind. App. 561.

Suit by the Town of Remington against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a decree for plaintiff, defendant appeals. *Reversed.*

*G. E. Ross,* for appellant.

*Jasper Guy,* for appellee.

HADLEY, C. J.—This was a suit brought by appellee against appellant to restrain and enjoin it from fencing certain portions of its right of way in the town of Remington. It appears that appellant originally owned a right of way 150 feet wide extending east and west through said town; that appellant's tracks were laid and trains operated thereon through the center of said strip; that said right of way intersected Main, New York, Ohio, Indiana, Illinois and Kentucky streets, which streets extended north and south through said town; that between Ohio and Indiana streets appellant had its depot and buildings, which were located on the south side of appellant's track on said right of way; that between said Ohio and Indiana streets buildings were erected facing said right of way; that prior to November 19, 1901, the public had used a portion of said right of way on each side of appellant's tracks from Ohio street east to the corporation limits in front of said buildings; that at said last date appellee commenced to improve portions of said right of way so used by the public. Appellant brought suit to enjoin the improvement of said streets and to quiet its title to the whole of said right of way as against said town. Upon the hearing of said cause, the court decreed that a strip on the south side of said right of way, forty-seven feet in width at Ohio street and forty feet in width at the east line of Kentucky street, known as South Railroad street, and a strip forty feet in width on the north side of said right of way, between Ohio street and the eastern corporation limits, and known as North Railroad street, were declared to be public streets, to be used by the public and appellant mutually as streets. The court also

decreed that the title to all of the remainder of said right of way in said town, except that portion thereof covered by Main, New York, Ohio, Indiana, Illinois and Kentucky streets at the intersections, should be quieted in appellant, and appellee and all persons acting under or through it or by its authority were forever enjoined and restrained from entering upon or improving for a street or highway for travel, and from grading, hauling or depositing any stone, earth, gravel, macadam or other substance upon any part of appellant's said land, except upon said street crossings.

It was further decreed that neither party should erect any barriers between Ohio street and Indiana street to prevent free access to the depot or streets. Appellant proposes to fence only that portion of its said land so decreed to belong to it and from which appellee and the public were excluded, and in which, by said decree, appellee and the public were adjudged to have no interest; leaving the streets, street intersections and depot approaches open for the free use of the public.

Appellee's contention is that the whole of said right of way between Ohio and Indiana streets was declared to be open to the public as a public street, by virtue of the last clause in said decree which provided: "Neither party shall erect any barriers between Ohio street and Indiana street to prevent free access to the depot or streets." This contention of appellee cannot be sustained by the language of the decree. In the first place it is decreed that appellee and the public have no right or interest in that portion of the right of way proposed to be fenced, and there is nothing in the language of the clause quoted that is inconsistent with this order. Appellant does not propose to fence or place any barriers in any streets or on any portion of the right of way declared to be streets. The evidence shows that the fence, when erected, will not prevent free access to the streets of said town or to the depot of said company, although the public will be confined, in

going to such streets or depot, to the established streets of said town. This certainly comes within the meaning of free access. It is true, the fence will prevent the public from going at will across the right of way at any point from which any one might choose to reach the depot, but this right the public certainly has no inherent authority to exercise. In fact, such an exercise would be dangerous to the lives of the people of said town, as well as to the lives of the traveling public.

The evidence shows that after the proposed fence is constructed a person can pass from any point on South Railroad street along it to any of the intersecting streets or to appellant's depot, and from any point on North Railroad street along said street to any intersecting street, and along said intersecting street to South Railroad street, thence along said South Railroad street to any intersecting street or to appellant's depot. This certainly meets the requirement of "free access" thereto.

The position of appellee in this case is wholly inconsistent with its position in the case of *Pittsburgh, etc., R. Co.* v. *Taber* (1907), 168 Ind. 419, where it sought to levy assessments on this very ground that appellant proposes to fence, to pay for the improvement of the street established in the action upon which this case rests, wherein it was contended that said ground was the private property of appellant. Certainly if it all was a portion of the street, it was not subject to assessment for the improvement thereof. The Supreme Court in that case held that said ground was the property of appellant and subject to assessment. The appellant unquestionably has the right to fence its right of way, so long as it does not erect barriers in any of the streets of the town, as legally established, and so long as such barriers do not prevent free access of the streets of said town and its depot along the established streets.

Judgment reversed, with instructions to grant a new trial.

Pittsburgh, etc., R. Co. v. Town of Remington—45 Ind. App. 561.

## ON PETITION FOR REHEARING.

HADLEY, J.—It is urged in the petition for a rehearing that we did not pass upon the question raised as to the sufficiency of the complaint. We have considered the complaint, and find that, while it seeks to show that an easement to pass indiscriminately over the right of way between Ohio and Indiana streets by setting out that portion of the decree set out and construed in the former opinion, and while under our construction of that decree an easement to pass indiscriminately over the right of way is not given, it does grant free access to the depot and streets as defined in that opinion. The complaint does aver that the fence or barrier that appellant threatens to erect will prevent such free access, and, by so doing, will commit great and lasting injury to appellee that cannot be compensated in damages. In our opinion this, with the other averments, states a good cause of action. The demurrer was properly overruled.

Appellee also contends that if the fence is constructed as proposed it would completely destroy appellee's ways to the depot from the south, and prevent the loading and unloading of freight at the depot. No such suggestion was made in the original brief, and there is no evidence in the record that shows this state of facts. We do not hold that appellant may so build its fence as to present such a condition, as this would be the prevention of "free access." There must not only be "access," but it must be "free," as defined in the original opinion.

Appellee also seeks to inject into the decree of 1901 certain mutual understandings and agreements in parol. There is no averment in the pleadings to warrant this.

The petition for a rehearing is overruled.